ATTORNEY FOR APPELLANT
Alan K. Wilson
Muncie, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Nicole Dongieux Wiggins
Deputy Attorneys General
Indianapolis, Indiana

## In the
# Indiana Supreme Court

FILED

Mar 10 2011, 2:48 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 18S02-1103-CR-142

DAVID K. MURPHY,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Delaware Circuit Court, No. 18C02-0808-FB-15
The Honorable Richard A. Dailey, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 18A02-1002-CR-213

**March 10, 2011**

**Sullivan, Justice.**

David K. Murphy pled guilty to aggravated battery, a Class B felony. While in pretrial confinement in the Delaware County Jail awaiting sentencing, Murphy earned his general educational development ("GED") diploma. At sentencing, the trial court granted Murphy pretrial confinement credit time of 511 days for time served, with Class I credit time of an additional 511

days, for a total of 1,022 days.[1] Murphy also requested that the court grant him six months of educational credit time for receiving his GED.[2] The trial court informed Murphy that he should submit his request for educational credit time to the Department of Correction ("DOC").[3]

On appeal, Murphy contended that the trial court is the proper authority to determine whether a defendant who completes an educational degree before sentencing is entitled to educational credit time. As noted, the trial court thought such determinations are the province of the DOC. For its part, the State contended that such determinations should be made by the jailing authority, in this case the Delaware County Jail.

The Court of Appeals agreed with Murphy and held that the trial court is the proper authority to determine whether a defendant who completes an educational degree before sentencing is entitled to educational credit time. Murphy v. State, 930 N.E.2d 630, 632 (Ind. Ct. App. 2010). Judge Crone, writing for the court, reasoned that:

> It is the trial court that initially determines a defendant's sentence; the trial court determines the amount of credit time to which the defendant is entitled as of the time of his sentencing. While the trial court bases its decision on the jail records, the actual decision is made by the trial court at a hearing with both sides present in a situation where if a dispute arises it can be resolved after input from all concerned. The trial court is also in a better position than the Department of Correction to determine whether educational credit time should be granted for a degree earned prior to sentencing. The defendant did not earn the degree under the supervision of the Department of Correction and any dispute regarding whether or not the prisoner has demonstrated a pattern consistent with rehabilitation would usually need to be resolved with reference to a local facility.

Id. at 632-33 (footnote omitted).

---

[1] The default credit-time assignment for a person who is not a credit-restricted felon is Class I. Ind. Code § 35-50-6-4 (2008). A person who is assigned credit time under Class I earns one day of credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. I.C. § 35-50-6-3.

[2] Educational credit time may be earned by a person who 1) is in credit Class I; 2) has demonstrated a pattern consistent with rehabilitation; and 3) has successfully completed the requirements necessary to obtain a GED. I.C. § 35-50-6-3.3(a).

[3] Indiana Code section 35-50-6-3.3(a) does not specify who has authority to rule upon an initial request for educational credit time.

We agree with Judge Crone's analysis and the result reached by the Court of Appeals. We therefore grant transfer and adopt its opinion in full. Ind. Appellate Rule 58(A)(1).

We reverse and remand to the trial court for proceedings consistent with the opinion of the Court of Appeals.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.