**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2012, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KENT A. EASLEY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  73A01-1207-CR-333 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Dan E. Marshall, Special Judge
Cause No. 73D01-0004-CF-028

**December 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

After entering into a plea agreement that provided for a sentence of twenty years with ten years executed in the Indiana Department of Correction (DOC) and ten years suspended to probation regarding various drug offenses, Kent A. Easley twice had his probation revoked for violations and is now serving the remainder of his suspended sentence in the DOC. Easley's appeal of the second probation revocation was dismissed with prejudice by this Court because he failed to timely submit an appellant's brief. Thereafter, Easley petitioned for post-conviction relief, claiming that he should have received credit time for substance abuse treatment that he completed prior to his original sentencing and raising a number of issues related to his second probation revocation. After a hearing, the post-conviction court denied all of Easley's claims.

Concluding that Easley is not entitled to the credit time he seeks and that his remaining claims are barred by the doctrine of res judicata or procedurally defaulted, we affirm the judgment of the post-conviction court.

FACTS

The facts and procedural history concerning Easley's original conviction and his subsequent probation revocations have previously been set forth by another panel of this Court as follows:

> In December 2000, Easley pled guilty pursuant to a plea agreement to two counts of dealing cocaine as class B felonies and possession of marijuana as a class A misdemeanor in Shelby County Superior Court, and the trial court sentenced Easley to an aggregate term of twenty years with ten years executed and ten years suspended to probation.

In June 2007, a probation officer filed a petition to revoke Easley's probation, and following fact-finding and dispositional hearings, the court found that Easley violated his probation and ordered that Easley serve three of the ten years of his previously-suspended sentence, gave Easley credit for time served, and ordered that probation continue following his release. On appeal from the revocation of his probation, Easley presented ten issues, and this court remanded solely for a determination of Easley's total jail credit time and otherwise affirmed the court's revocation determination. Easley v. State, 73A04-0810-CR-580 (Ind. Ct. App. August 4, 2009). The Shelby County Superior Court issued an order modifying its prior sentencing order on September 29, 2009.

The Shelby County Probation Department filed a second petition to revoke Easley's probation on February 24, 2010, which was amended by addendums filed on June 3, 2010, and September 20, 2010. Following a hearing, the Shelby County Superior Court issued an order on December 22, 2010, finding that Easley had violated the terms of his probation and order[ing] him to serve the remaining seven years of his previously-suspended sentence in the DOC.

Easley v. Ind. Dep't of Corr., No. 49A04-1202-PL-220 (Ind. Ct. App. Sept. 17, 2012). Easley also appealed the trial court's second revocation of his probation, but this appeal was dismissed with prejudice after Easley failed to timely submit an appellant's brief after a number of extensions were granted.

On April 23, 2012, Easley petitioned the Shelby County Superior Court for additional credit time he claimed he had earned in 2000 for completing a certified substance abuse treatment program while he was incarcerated in the Shelby County Jail pending resolution of the original charges. In his "Successive Motion for Additional Earned Credit Time" and the supporting memorandum and exhibits, Easley claimed to have exhausted a number of grievance procedures in his pursuit of the credit time, beginning with the instructor of the course and the Shelby County Jail prior to his

3

conviction and including the trial court, the Shelby County Jail again, and ultimately the DOC in the years following his conviction. Appellant's App. p. 47-78.

On May 7, 2012, Easley filed with the Shelby County Superior Court a document entitled "Petitioner's Automatic Amendments to Successive Additional Earned Credit Time Motion." Id. at 79. In this document, Easley added a number of claims unrelated to his petition for credit time, but rather challenging his second probation revocation. More particularly, Easley challenged the validity of a "re-arrest" warrant and claimed that his double jeopardy rights were violated when the trial court ordered him to "re-serve the 7 executed years . . . again," that the trial court judge acted without jurisdiction in finding him guilty of a probation violation, and that the trial court had erred by ordering him to pay court costs and fees related to his probation. Id. at 81, 83.

The Shelby County Superior Court held a hearing on Easley's amended post-conviction petition on June 29, 2012. At the hearing, Easley made arguments paralleling those in his petition regarding the credit time issue, the alleged double jeopardy concerns, and the allegedly invalid re-arrest warrant. Easley also argued the fact that a judge who had previously recused himself from the case may have signed the re-arrest warrant was another reason that it was void. Easley made no mention at the hearing of his claims regarding the trial court having no jurisdiction or the order to pay court costs and fees.

At the conclusion of the evidence, the post-conviction court stated it would take Easley's request for credit time under advisement but denied each of Easley's remaining claims, stating:

I think you're just wanting the Court to readdress issues that have previously been addressed or could have been addressed by this Court and the Indiana Court of Appeals, and have either been ruled adversely to you or have not previously been raised by you. I don't find those are issues that are proper for me to hear . . . .

Tr. p. 20. On July 17, 2012, the post-conviction court entered an order denying Easley's request for credit time and reaffirming its denial of his remaining requests. Easley now appeals.

## DISCUSSION AND DECISION

Easley raises numerous challenges to the trial court's order denying his request for post-conviction relief, some of which he presented to the post-conviction court and some of which are being raised for the first time on appeal. More particularly, Easley contends:

(1) that the trial court erred by denying him credit time for the substance abuse treatment he completed in 2000;

(2) that the trial court erred by summarily denying his remaining claims because the public officials who brought about his second probation revocation were engaged in fraud;

(3) that the re-arrest warrant issued before his second probation violation was invalid because it had been issued by a judge who had recused himself earlier in the proceedings;

(4) that the judge who recused himself erred by failing to provide advance notice to Easley and not allowing him to select a special judge from a list of judges;

(5) that the appointed special judge erred by failing to file an affidavit qualifying himself and that this failure resulted in the special judge having no jurisdiction over Easley's probation revocation hearing;

5

(6) that prosecutorial misconduct and malicious prosecution mandated the reversal of his probation violation;

(7) that the revocation of Easley's probation subjected him to "double jeopardy sentencing;"

(8) that the trial court erred by ordering Easley to pay certain costs and fees related to his probation;

(9) that Easley did not waive any of his arguments by failing to timely object because he had mental defects at the time;

(10) that the State's brief fails to state a claim upon which relief can be granted because of procedural errors such as failing to submit an appendix;

(11) that the State waived its arguments of waiver and res judicata as to Easley's claims of error because it failed to present them to the trial court;

(12) that this Court and the Indiana Supreme Court denied Easley his right to a full and fair appeal when it dismissed the appeal from his second probation revocation because the trial court clerk did not file the correct transcripts until after Easley's appeal was dismissed; and

(13) that this Court denied Easley his right to a full and fair appeal as to his second probation violation by releasing transcripts to appellees before they were released to Easley.

### I.  Easley's Claims are in the Nature of Post-Conviction Relief

We first observe that Easley's requests for relief, including his request for credit time, are in the nature of post-conviction proceedings and should be analyzed as such. See Diaz v. State, 753 N.E.2d 724, 727 (Ind. Ct. App. 2001) (stating that a request for credit time has historically been treated as a petition for post-conviction relief).  Post-conviction proceedings allow a petitioner to request relief from a conviction or a sentence under limited circumstances, such as when "the sentence exceeds the maximum

6

authorized by law, or is otherwise erroneous" or when "probation [has been] unlawfully revoked." Ind. Post-Conviction Rule 1(1)(a)(3), (5).

However, a post-conviction petition "is not a substitute for a direct appeal from the conviction and/or the sentence and all available steps including those under Rule PC 2 should be taken to perfect such an appeal." P-CR 1(1)(b). Rather, post-conviction relief is limited to "issues that were not known at the time of the original trial or that were not available on direct appeal." Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000). An issue known and available on direct appeal, but not raised, is waived by procedural default. Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002). And an issue that was raised on direct appeal but decided adversely to the petitioner is barred as res judicata. Trueblood v. State, 715 N.E.2d 1242, 1248 (Ind. 1999).

To obtain relief on issues properly before the post-conviction court, a petitioner must establish the grounds for relief by a preponderance of the evidence. Wesley v. State, 788 N.E.2d 1247, 1250 (Ind. 2003). If the petitioner fails to satisfy that burden before the post-conviction court, on appeal the petitioner faces a rigorous standard of review and "must convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." Id. We neither reweigh the evidence nor judge the credibility of witnesses, and we examine only the probative evidence and reasonable inferences supporting the post-conviction court's determination. Holmes v. State, 728 N.E.2d 164, 169 (Ind. 2000).

7

## II. The Request for Credit Time

Easley claims that he is entitled to credit time under Indiana Code section 35-50-6-3.3(b), which provides in relevant part:

> In addition to any credit time that a person earns under subsection (a) or section 3 of this chapter, a person may earn credit time if, while confined by the department of correction, the person:
>
> (1) is in credit Class I;
>
> (2) demonstrates a pattern consistent with rehabilitation; and
>
> (3) successfully completes requirements to obtain at least one (1) of the following:
>
> . . .
>
> (B) A certificate of completion of a substance abuse program approved by the department.

The DOC has the obligation to "establish admissions criteria and other requirements for programs available for earning credit time under subsection (b)." Ind. Code § 35-50-6-3.3(c).

We first observe that by Easley's own account, he completed the substance abuse treatment program in 2000 while he was detained in the Shelby County Jail prior to the sentencing on his original charges. Given that Indiana Code section 35-50-6-3.3(b) seems only to provide the possibility of credit time if one completes a qualifying program "while confined by the department," the statute is wholly inapplicable to Easley. In addition, Easley presented no evidence before the post-conviction court that the program he completed was "approved by the department," and indeed, there was ample evidence

8

presented that the program was not approved by the DOC. Tr. p. 10; Appellant's App. p. 61, 64, 71-72. Finally, because Easley completed the substance abuse treatment prior to sentencing, any determination of how much his sentence should have been reduced as a result of its completion was within the purview of the trial court at the time of sentencing. See Murphy v. State, 942 N.E.2d 818, 819 (Ind. 2011) (stating that because the trial court initially determines a defendant's sentence and the amount of credit time to which a defendant is entitled at the time of sentencing, it is the trial court, and not the DOC, that should decide whether a defendant should be granted credit time for completion of any educational degrees prior to sentencing). Thus, the post-conviction court did not err in denying Easley credit time pursuant to Indiana Code section 35-50-6-3.3(b).

### III. Easley's Remaining Claims

Each of Easley's remaining claims relates to the second revocation of his probation in 2010 which resulted in him being ordered to serve the seven remaining years of his original sentence in the DOC. We note that Easley's appeal of the second probation revocation was dismissed with prejudice by this Court. Easley v. State, No. 73A04-1012-CR-3 (Ind. Ct. App. Oct. 28, 2011) (dismissed without opinion). Because a dismissal with prejudice is generally viewed as a dismissal on the merits, the dismissal of Easley's appeal was "conclusive of the rights of the parties and is res judicata as to any questions which might have been litigated." Ilagan v. McAbee, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994). Thus, each of Easley's claims collaterally challenging his second probation revocation is barred under the doctrine of res judicata. Also, those issues that

9

were previously available to Easley but that he now raises for the first time on appeal are procedurally defaulted.  Bunch v. State, 778 N.E.2d at 1289.

The judgment of the post-conviction court is affirmed.

RILEY, J., and BARNES, J., concur.