**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 09 2013, 6:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**STEVEN GATES**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN GATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1208-CR-685 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-1107-FB-51856

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Steven Gates appeals the denial of his request for credit time for the completion of various programs while he was in the Marion County Jail awaiting trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

Gates was arrested on July 21, 2011, and later charged with Class B felony robbery, Class C felony battery, and being a habitual offender. On May 2, 2012, the day scheduled for trial, Gates pleaded guilty to Class B felony robbery and being a habitual offender pursuant to a plea agreement in which the State agreed to dismiss the battery charge as well as charges pending in another cause number. The plea agreement provided for a sentence of sixteen years, with fourteen years to be served at the Department of Correction and two years to be served on home detention. The trial court accepted the plea, entered judgments of conviction, and later sentenced him according to the terms of the agreement.

On August 10, 2012, Gates filed a pro se Motion for Additional Earned Credit Time. In the motion, he requested credit time pursuant to the educational credit time statute for certain programs he had completed while in the Marion County Jail. He attached several certificates of completion to the motion. The trial court denied the motion, stating that "credit decisions regarding educational and vocational programs are properly left to the discretion of the Department of Correction which is in the best position to determine the relative merits of these programs, and this Court will not second-guess the Department's decision in this regard." Appellant's App. p. 88. Gates now appeals.

2

## DISCUSSION AND DECISION

As an initial matter, we note that we treat Gates's denominated Motion for Additional Earned Credit Time as a petition for post-conviction relief. *See Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008) (treating Young's Verified Petition for Educational Credit Time as a petition for post-conviction relief because "post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time"). When appealing the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013).

Gates contends that the post-conviction court erred by denying his request for credit time under Indiana Code section 35-50-6-3.3 (2012) for certificates of completion he received while he was in the Marion County Jail awaiting trial. However, no provision of this statute grants credit time for Gates's certificates. We presume he relies on Section 35-50-6-3.3(b), but that provision imposes requirements on certificates not met or shown here:

> (b) In addition to any credit time that a person earns under subsection (a) or section 3 of this chapter, a person may earn credit time if, *while confined by the department of correction*, the person:
>> (1) is in credit Class I;
>> (2) demonstrates a pattern consistent with rehabilitation; and
>> (3) successfully completes requirements to obtain at least one (1) of the following:
>>> (A) A certificate of completion of a career and technical education program *approved by the department of correction*.
>>> (B) A certificate of completion of a substance abuse program *approved by the department of correction*.

3

(C) A certificate of completion of a literacy and basic life skills program *approved by the department of correction*.
(D) A certificate of completion of a reformative program *approved by the department of correction*.

(Emphases added). Gates was not confined by the Department of Correction when he earned his certificates, nor has he shown that the programs he completed are approved by the Department of Correction.

Gates nonetheless claims *Murphy v. State*, 930 N.E.2d 630 (Ind. Ct. App. 2010), *adopted in full by Murphy v. State*, 942 N.E.2d 818 (Ind. 2011), entitles him to relief. In that case, the defendant asked the sentencing court to grant him educational credit time for receiving his general educational development diploma ("GED") while in pretrial confinement, but the court told him that he should submit his request to the Department of Correction. On direct appeal, the Indiana Supreme Court reversed and remanded, agreeing with this Court that the trial court is the proper authority to determine whether a defendant who completes an educational degree before sentencing is entitled to educational credit time. *Murphy*, 942 N.E.2d at 819.

*Murphy* involved educational credit time for a GED. Educational credit time for a GED is governed by Indiana Code section 35-50-6-3.3(a), which does not require that the GED be earned while confined by the Department of Correction or that the GED be approved by the Department of Correction. *Murphy* is thus inapplicable here.

Because Gates is not entitled to receive educational credit time under Indiana Code section 35-50-6-3.3 for certificates of completion he received while he was in the Marion County Jail awaiting trial, he has not shown that the evidence as a whole leads

4

unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

## CONCLUSION

We therefore affirm the denial of post-conviction relief.

MAY, J., and VAIDIK, J., concur.