**Ronald D. SANDER, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 86A03–0405–PC–219.

Court of Appeals of Indiana.

Oct. 14, 2004.

Ronald D. Sander, Plainfield, IN, pro se.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Ronald D. Sander, pro se, appeals a ruling regarding credit time in conjunction with the sentence he received following his conviction of Operating a Vehicle After a Lifetime Suspension,[1] a class C felony. Sander presents the following restated issue for review: Did the trial court err in denying Sander's motion for education credit time, pursuant to Ind.Code Ann. § 35–50–6–3.3 (West, PREMISE through 2003 1st Regular Sess.)?

We affirm.

The facts favorable to the ruling are that Sander pled guilty to operating a vehicle after his license had been suspended for life. The Warren Circuit Court accepted the plea, entered judgment of conviction, and imposed a four-year sentence following a January 21, 2002, hearing. On September 25, 2003, while serving his sentence, Sander allegedly completed the requirements necessary to earn a high school diploma or its equivalent and apparently received his diploma. On April 28, 2004, Sander filed with the Warren Circuit Court a Motion for Educational Earned Credit Time. The court denied the motion, explaining that ruling as follows in the CCS: "Right to any such time is defined by statute and administered by the Indiana Department of Correction with the Trial Court not being the proper entity to which the issue should be addressed." *Appellant's Appendix* at 4. Sander appeals that ruling.

In a post-conviction proceeding, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Wesley v. State*, 788 N.E.2d 1247 (Ind. 2003). When challenging the denial of post-conviction relief, the petitioner appeals a negative judgment, and in doing so faces a rigorous standard of review. *Wesley v. State*, 788 N.E.2d 1247. To prevail, the petitioner must convince this court that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* We will disturb the post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion. *Id.*

The threshold issue presented here is not so much whether Sander is

---

1. Ind.Code Ann. § 9–30–10–17 (West, PREMISE through 2003 1st Regular Sess.).

entitled to credit time, but rather *who* should make the initial determination in that regard. The Warren Circuit Court declined to make the initial determination upon its conclusion that such lies exclusively within the province of the Department of Correction (DOC). The State agrees with that view and contends the post-conviction court's role is limited to merely reviewing such decisions after they have been made by the DOC. We begin by examining the statute authorizing the granting of credit time for educational achievement, i.e., I.C. § 35–50–6–3.3. That statute does not explicitly designate the entity charged with the responsibility of making the initial determination to grant educational credit time. Therefore, we must examine the statute and the applicable case law to decide that question.

We note as a preliminary matter that this issue is similar in some respects to one recently addressed and resolved by our supreme court in *Robinson v. State*, 805 N.E.2d 783 (Ind.2004). In that case, the court considered the question "whether a trial court's designation of credit time earned for confinement before sentencing is merely a recommendation, or whether it is final and immune from subsequent modification by the Department of Correction." *Id.* at 790. The court resolved a conflict that had arisen from different opinions issued by this court on that question. *See, e.g., Kindred v. State*, 771 N.E.2d 760 (Ind. Ct.App.2002). The supreme court concluded the trial court is not limited to merely making recommendations concerning pretrial credit time, but is authorized to make initial determinations in that regard. We note the holding in *Robinson* to make the point that it does not offer guidance on the issue before us in the instant case because *Robinson* considered whether the trial court is authorized to make the initial determination that a defendant is to be placed in credit class I. Sander's appeal, on the other hand, concerns the determination whether an incarcerated individual's request for educational credit time should be ruled upon by the DOC or a trial court.

With little decisional law to guide us, we examine the provisions of the statute creating educational credit time, which provides, in pertinent part:

> In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
>
> (1) is in credit Class I;
>
> (2) has demonstrated a pattern consistent with rehabilitation; and
>
> (3) successfully completes requirements to obtain one (1) of the following:
>
> (A) A general educational development (GED) diploma under IC 20–10.1–12.1, if the person has not previously obtained a high school diploma.
>
> (B) A high school diploma.

I.C. § 35–50–6–3.3. Neither this provision nor any related statutory provision identifies the initial decision-maker with respect to a request for education credit time. This is not to say, however, that the statute does not provide guidance by inference.

The statute establishes three criteria for eligibility for educational credit time. First, the applicant must be in credit class I. That designation is made initially by the trial court at sentencing and concerns time served while awaiting trial. *See Robinson v. State*, 805 N.E.2d 783. Such designation is subject to modification by the DOC. *Id.* Second, the applicant must demonstrate "a pattern consistent with rehabilitation." I.C. § 35–50–6–3.3(a)(2). For purposes of I.C. § 35–50–6–3.3, that phrase refers to the applicant's disciplinary record during the time he or she participated in the educational program for which educational credit is sought. *See*

*Diaz v. State,* 753 N.E.2d 724 (Ind.Ct.App. 2001), *trans. denied.* Finally, the applicant must establish that the qualifying educational achievement was accomplished.

Reviewing these criteria, we observe that both the trial court and the DOC are similarly situated to determine whether the applicant is in credit class I, and also whether the applicant completed the educational work for which credit time is sought. The same cannot necessarily be said, however, of the applicant's disciplinary record during the time he or she participated in the educational program. When, as here, the applicant has begun serving his sentence, the DOC alone is able to assess whether the applicant has met the behavioral criterion set out in I.C. § 35–50–6–3.3. *See McGee v. State,* 790 N.E.2d 1067, 1071(Ind.Ct.App.2003) (initial determination as to whether behavioral and credit class criteria are met are "properly a function of the DOC initially, subject to review"), *trans. denied.* Similarly, when the relevant period consists of the time spent in confinement while awaiting trial, the jailing authority is in the best position to assess whether the applicant's behavior comported with the statutory requirement. In both cases, it is true that not only is the confining authority in a superior position to make the indicated assessment, but also that the trial court is wholly incapable of rendering such an assessment without the confining authority's input. Thus, application for educational credit time must be made to and the initial ruling thereon made by the DOC when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing.

In the instant case, while he was serving the sentence imposed for his conviction for operating a vehicle while his license was suspended for life, Sander allegedly received a high school diploma or its equivalent. Thus, his application for credit time pursuant to I.C. § 35–50–6–3.3 should have been directed to the DOC. The trial court, not possessing all of the facts necessary to rule on Sander's petition, did not err in denying the motion for educational credit time. *See McGee v. State,* 790 N.E.2d 1067.

Judgment affirmed.

BAKER, J., and DARDEN, J., concur.