**David K. MURPHY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–1002–CR–213.**

Court of Appeals of Indiana.

July 23, 2010.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole Dongieux Wiggins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary and Issue

David K. Murphy appeals the trial court's decision denying him educational credit time. Murphy contends that the trial court is the proper authority to determine whether to grant educational credit time for receiving his general educational development ("GED") diploma prior to sentencing. We agree with Murphy and therefore reverse and remand for further proceedings consistent with this opinion.

### Facts and Procedural History

On August 19, 2008, the State charged Murphy with class B felony aggravated battery and class D felony strangulation. Murphy earned a GED while in pre-trial confinement. Murphy also attended twenty-one church services, thirty-eight GED classes, ten parenting classes, and sixteen AA/NA chemical dependency sessions. On November 12, 2009, Murphy pled guilty to class B felony aggravated battery, and the other charge was dismissed. On January 7, 2010, the trial court sentenced Murphy to the Department of Correction for eight years, with six years executed and two years suspended. At sentencing, Murphy requested that the court grant him six months of educational credit time for receiving his GED. The court granted Murphy pre-trial confinement credit time of 511 days for time served, with class I credit time of an additional 511 days, for a total of 1022 days. The court stated that Murphy could seek higher educational credit time at the Department of Correction.

On January 12, 2010, Murphy filed a motion to correct error regarding his request for educational credit time, to which the State filed a response on January 21, 2010. On January 28, 2010, the trial court denied Murphy's motion because it found that it did not have authority to consider Murphy's request for educational credit time until he exhausted his administrative remedies within the Department of Correction.

## Discussion and Decision

Murphy argues that the trial court is the proper authority to determine whether to grant educational credit time when a defendant completes an educational degree before sentencing. Indiana Code Section 35–50–6–3.3 reads in pertinent part as follows:

(a) [A] person earns credit time if the person:

(1) is in credit Class I;

(2) has demonstrated a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain one (1) of the following:

(A) A general educational development (GED) diploma . . . if the person has not previously obtained a high school diploma.

. . . .

(d) The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma. . . .

The statute does not specify the authority that makes the initial decision with respect to a request for educational credit time. Murphy relies on *Tumbleson v. State*, 706 N.E.2d 217 (Ind.Ct.App.1999), in which the court assumed that the trial court was the proper authority for determining whether the defendant was entitled to a six-month reduction in his sentence for earning his GED while in custody pending trial.

The State relies on *Sander v. State*, 816 N.E.2d 75 (Ind.Ct.App.2004), in contending that the decision should have been made by the jailing authority, in this case the Delaware County Jail. In *Sander*, the court found that the defendant, who received his diploma while serving his sentence, should apply for educational credit time with the Department of Correction because "application for educational credit time must be made to and the initial ruling thereon made by the [Department of Correction] when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing." *Id.* at 78.

We disagree with the State. *Sander* is distinguishable because the defendant in that case completed his educational degree while serving his sentence in the Department of Correction. Here, Murphy completed his degree while in pre-trial confinement. Furthermore, the court's statement in *Sander* regarding pre-sentencing educational achievement is dicta, and we think the state reads too much into the statement. It is the trial court that initially determines a defendant's sentence; the trial court determines the amount of credit time to which the defendant is entitled as of the time of his sentencing.[1] While the trial court bases its decision on the jail records, the actual decision is made by the trial court at a hearing with both sides present in a situation where if a dispute arises it can be resolved after input from all concerned. The trial court is also in a better position than the Department of

1. Indiana Code Section 35–38–3–2 reads in pertinent part as follows:

(a) When a convicted person is sentenced to imprisonment, the court shall, without delay, certify, under the seal of the court or through any electronic means approved by the department of correction, copies of the judgment of conviction and sentence to the receiving authority.

(b) The judgment must include:

. . .

(4) the amount of credit, including credit time earned, for time spent in confinement before sentencing. . . .

Correction to determine whether educational credit time should be granted for a degree earned prior to sentencing. The defendant did not earn the degree under the supervision of the Department of Correction and any dispute regarding whether or not the prisoner has demonstrated a pattern consistent with rehabilitation would usually need to be resolved with reference to a local facility.

Murphy further argues that the trial court should have granted him educational credit time because there was no evidence presented that he had not demonstrated a pattern of behavior consistent with rehabilitation. *See Tumbleson,* 706 N.E.2d at 219. The State responds that Murphy did not demonstrate a pattern consistent with rehabilitation because there were six allegations of misconduct during his confinement.

Because the trial court denied Murphy's request for educational credit time based on its belief that it did not have the authority to consider that request, the issue of whether Murphy demonstrated a pattern consistent with rehabilitation was never addressed.[2] Therefore, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, C.J., and DARDEN, J., concur.

---

2. In *Diaz v. State,* 753 N.E.2d 724, 729 (Ind. Ct.App.2001), *trans. denied,* the court stated that demonstrating a pattern consistent with rehabilitation pursuant to Indiana Code Section 35–50–6–3.3 "means, at the least, that the inmate's record must remain free of disciplinary convictions while the inmate is participating in an educational or substance abuse program." The pre-sentence report indicates that Murphy was convicted of six allegations of misconduct during his confinement. Appellant's App. at 99, 110. Therefore, the court may want to explore this issue on remand.