FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Oct 01 2014, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES ROBINSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1405-CR-224 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
Cause No. 49G04-1306-FC-36431

**October 1, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

In September 2013, James Robinson pleaded guilty to forgery and was ordered to serve four years on home detention. In December 2013, Robinson was awarded a general education development diploma ("GED"). In 2014, the trial court revoked his community corrections placement and ordered him to serve the balance of his sentence in the Indiana Department of Correction ("DOC") due to several violations of his placement occurring in December 2013 and January 2014. In this expedited appeal,[1] Robinson contends the trial court erred in denying his motion for educational credit time when revoking his placement and ordering he serve the remainder of his sentence in the DOC. Concluding the trial court is the proper authority to determine whether Robinson was entitled to the credit time he seeks, but that the trial court has not yet addressed whether he met the requirements for educational credit time, we reverse and remand.

## Facts and Procedural History

Robinson was charged with forgery, a Class C felony, in June 2013. A September 2013 plea agreement resolved several pending cases against Robinson, including the forgery case at issue.[2] Pursuant to the plea agreement, Robinson was sentenced to an executed term of four years for forgery with initial placement on home detention through Marion County Community Corrections ("MCCC"). The plea agreement further provided that "[s]hould [Robinson] be found in violation of his Community Corrections

---

[1] At Robinson's request, his appeal was expedited by order of this court dated June 27, 2014.

[2] Robinson also pleaded guilty to a May 2013 charge of possession of marijuana, a Class A misdemeanor, and a July 2013 charge of receiving stolen property, a Class D felony. In addition, a charge of carrying a handgun without a license under the May 2013 cause number and all charges involved in a second June 2013 case were dismissed.

placement, [he] <u>may</u> serve the balance of his sentence at the [DOC]." Appellant's Appendix at 45 (emphasis in original).

In August 2012, Robinson had taken and passed the first of five tests required to obtain a GED. On December 10 and 11, 2013, while on home detention, Robinson took and passed the remaining tests and was awarded his GED on December 26, 2013. On January 3, 2014, MCCC filed a notice of community corrections violation alleging several instances on which Robinson had either left his residence without authorization or failed to return as scheduled beginning on December 22, 2013. The notice was later amended to include additional violations occurring after the original notice was filed. Robinson admitted to several of the violations and requested educational credit time toward any sanction imposed for earning his GED while serving home detention. In May 2014, the trial court revoked Robinson's placement, denied his motion for credit time, and ordered him to serve the remainder of his sentence at DOC.

## Discussion and Decision

Robinson does not challenge the revocation of his community corrections placement; he challenges only the trial court's denial of his motion for educational credit time. When Robinson was sentenced in 2013 and when his placement was revoked in early 2014, the Indiana Code provided that a person who is placed in home detention through direct placement in a county community corrections program is entitled to earn

credit time under Indiana Code chapter 35-50-6.[3]  Ind. Code § 35-38-2.6-6(a) (2013).  In

relevant part, Indiana Code section 35-50-6-3.3 provides:

> (a) In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
> > (1) is in credit Class I;
> > (2) has demonstrated a pattern consistent with rehabilitation; and
> > (3) successfully completes requirements to obtain one (1) of the following:
> > > (A) A general educational development (GED) diploma . . . if the person has not previously obtained a high school diploma.

Ind. Code § 35-50-6-3.3(a) (2013).  A person entitled to credit time for completing a

GED earns six months credit time.  Ind. Code § 35-50-6-3.3(d)(1) (2013).

Initially, we address the State's argument that the trial court is not the appropriate

forum for deciding Robinson's request for credit time; rather, it contends the request

should be made to the DOC.  The statute does not specify the authority that should make

the initial determination with respect to a request for educational credit time.  In general,

the trial court determines the amount of credit time to which a defendant is entitled as of

the time of sentencing, and the DOC determines modifications to credit time thereafter,

including modifications for educational achievement.  Samuels v. State, 849 N.E.2d 689,

692 (Ind. Ct. App. 2006), trans. denied.  The statute sets forth three criteria of eligibility

for educational credit time:  1) the defendant must be in a certain credit class; 2) the

defendant must have "demonstrated a pattern consistent with rehabilitation"; and 3) the

---

[3] Effective July 1, 2014, Indiana Code section 35-38-2.6-6 was amended to provide:
In addition to credit accrued for time served under subsection (b), a person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6-3 and IC 35-50-6-3.1.  A person confined on home detention as part of a community corrections program may not earn educational credit time under IC 35-50-6-3.3.
Ind. Code § 35-38-2.6-6(c) (2014) (emphasis added).

defendant must have actually accomplished the qualifying educational achievement. Ind. Code § 35-38-6-3.3(a). The trial court and the DOC are equally situated to determine the defendant's credit class and achievement. Sander v. State, 816 N.E.2d 75, 78 (Ind. Ct. App. 2004). However, with respect to the defendant's behavior,

> When . . . the applicant has begun serving his sentence, the DOC alone is able to assess whether the applicant has met the behavioral criterion . . . . Similarly, when the relevant period consists of the time spent in confinement while awaiting trial, the jailing authority is in the best position to assess whether the applicant's behavior comported with the statutory requirement. In both cases, it is true that not only is the confining authority in a superior position to make the indicated assessment, but also that the trial court is wholly incapable of rendering such an assessment without the confining authority's input. Thus, application for educational credit time must be made to and the initial ruling thereon made by the DOC when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing.

Id. Because Robinson had already been sentenced at the time he earned his GED, the State argues his application for credit time must be made to the DOC and he must exhaust his administrative remedies there before he may seek assistance from the trial court.

We acknowledge that Robinson earned his GED while he was serving his sentence in this case which would usually indicate, as stated in Sander, that the initial request for educational credit time should be made to the DOC. We also acknowledge Robinson first made his request to the trial court. However, Robinson was serving his sentence through a county-based community corrections program, not through the DOC.[4]

---

[4] Indiana Code section 35-38-2.6-2 defines a "community corrections program" as:
[A] program consisting of residential and work release, electronic monitoring, day treatment, or day reporting that is:
    (1) operated under a community corrections plan of a county and funded at least in part by the state subsidy provided under IC 11-12-2; or

5

Therefore, although Robinson had already been sentenced when he sought educational credit time, the DOC had no basis for assessing his behavior in this particular case. The trial court in consultation with the MCCC is in the better position to determine whether Robinson is entitled to the educational credit time he seeks for an educational achievement earned while serving his sentence on home detention. Cf. Murphy v. State, 942 N.E.2d 818, 819 (Ind. 2011) (adopting Court of Appeals opinion reasoning that the trial court was in the better position and therefore was the proper authority to determine whether the defendant was entitled to educational credit time for a degree earned before sentencing because the defendant "did not earn the degree under the supervision of the Department of Correction and any dispute regarding whether or not the prisoner has demonstrated a pattern consistent with rehabilitation would usually need to be resolved with reference to a local facility." (quoting Murphy v. State, 930 N.E.2d 630, 632-33 (Ind. Ct. App. 2010))).

Thus, we disagree with the State's position that the trial court could not rule on Robinson's motion for credit time. The trial court was the proper authority to determine whether Robinson met the statutory criteria for earning educational credit time. However, the trial court denied his motion not because it found Robinson did not meet the criteria but rather, based on the trial court's belief—based in part on case law provided by Robinson's counsel in support of his motion—that Robinson was not entitled to the credit time because he was serving his sentence on home detention. Robinson cited Rodgers v. State, 705 N.E.2d 1039 (Ind. Ct. App. 1999) to the trial court, a case that was

---

(2) operated by or under contract with a court or county.

decided under a prior version of the statute that specifically denied credit time under Indiana Code chapter 35-50-6 to those placed in home detention.  See Ind. Code § 35-38-2.6-6(a) (1999) ("A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6 unless the person is placed in the person's home.") (emphasis added).  After reviewing Rodgers, the trial court stated:

> I'm just not inclined to grant the, the six months based on what the statute says and because he earned it while he was on home detention. . . .
> It's supposed to be good time credit that's awarded with the goal of allowing the people at the DOC or at a work release facility to ensure good behavior.  A person who is at home is basically not in the same position as having a supervisor who's trying to maintain order in a facility. . . . So I'm not going to award it . . . .

Transcript at 30.  Accordingly, the trial court denied Robinson's request because it did not think he was entitled to educational credit time whether or not he met the specific requirements of Indiana Code section 35-50-6-3.3.

The statutes cited above are clear that at all times relevant to Robinson's case, a person serving a sentence on home detention was entitled to request educational credit time, and we have held herein that in this particular instance, it is appropriate for the trial court to entertain this request and determine whether Robinson has met the requirements to earn the credit time.  The trial court, however, did not reach the merits of Robinson's claim to credit time and specifically, did not determine whether he had demonstrated a pattern consistent with rehabilitation.

In Diaz v. State, 753 N.E.2d 724 (Ind. Ct. App. 2001), this court for the first time construed the phrase "pattern consistent with rehabilitation" and held that, "[g]iven that a pattern is a mainly unvarying routine, and the statute is designed to reward good

behavior, . . . demonstrating a 'pattern consistent with rehabilitation' . . . means, <u>at the</u> <u>least</u>, that the inmate's record must remain free of disciplinary convictions while the inmate is participating in an educational . . . program." <u>Id.</u> at 729 (emphasis added). Because the trial court did not assess Robinson's behavior under this standard,[5] we reverse and remand for further proceedings consistent with this opinion.

     Reversed and remanded.

BAKER, J., and KIRSCH, J., concur.

---

[5] The record indicates Robinson began the process of qualifying for his GED in August 2012. In 2013, Robinson committed the offense at issue herein, as well as several other offenses. The notice of community corrections violation alleges he began violating the terms of his home detention on December 22, 2013, and was awarded his GED on December 26, 2013. These are considerations the trial court may wish to explore further on remand.