## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 08 2015, 10:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Clyde N. Piggie
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clyde N. Piggie,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 8, 2015

Court of Appeals Cause No.
20A05-1412-CR-605

Appeal from the Elkhart Superior Court

The Honorable Stephen Bowers, Judge

Trial Court Cause No.
20D02-9212-CF-146

**Barnes, Judge.**

## Case Summary

Clyde Piggie appeals the trial court's denial of his motions for an award of additional prison educational credit time and/or modification of his sentence. We affirm.

## Issue

The restated issues before us are

    I.    whether the trial court properly refused to award Piggie additional educational credit time; and

    II.    whether the trial court properly refused to modify his sentence.

## Facts

In 1993, Piggie was convicted of Class A felony dealing in cocaine and was sentenced to a term of forty-two years executed. At various times during his incarceration in the Department of Correction ("DOC"), Piggie spent time outside of Credit Class I. His current release date is in March 2016.

While incarcerated, Piggie enrolled in and completed several programs. Included among those programs were a substance abuse program, which Piggie completed on February 2, 1999, and an anger management program, which Piggie completed on November 4, 1997. The DOC did not award Piggie any credit time for completion of these classes. On February 28, 2014, Piggie filed a motion with the trial court to compel the DOC to award him a total of eighteen

months of credit time for completion of the substance abuse and anger management programs.

[5] The trial court conducted a hearing on Piggie's petition on April 24, 2014. On that same date, Piggie filed a "Motion for Modification of Placement Where Defendant Will Serve Out His Sentence." App. p. 45. In this motion, Piggie requested that he be placed in a community corrections program or a minimum security unit for the remainder of his sentence.

[6] At the time of the hearing, Piggie was unable to produce any certificates of completion for the substance abuse or anger management programs. After the hearing and before the trial court's ruling, Piggie obtained copies of certificates of completion for these programs from the DOC and provided them to the trial court. The trial court did not indicate whether it considered these certificates, but it denied both of Piggie's motions. Piggie now appeals.

## Analysis

### I. Educational Credit Time

[7] Piggie filed two different motions: a motion for additional credit time to be awarded, and a motion for modification of his sentence. The motion for additional educational-related credit time was governed by Indiana Code Section 35-50-6-3.3. *See Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008). A motion under that statute is treated as a petition for post-conviction relief under Indiana Post-Conviction Rule 1. *Id.* A petitioner seeking post-conviction relief must establish the grounds for relief by a preponderance of the

evidence. *Sander v. State*, 816 N.E.2d 75, 76 (Ind. Ct. App. 2004). On appeal from the denial of relief, the petitioner must convince us that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* We will reverse the denial of relief only if the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion. *Id.*

[8] Indiana Code Section 35-50-6-3.3(b) provides:

> a person may earn educational credit if, while confined by the department of correction, the person:
>
> > (1) is in credit Class I, Class A, or Class B;
> >
> > (2) demonstrates a pattern consistent with rehabilitation; and
> >
> > (3) successfully completes requirements to obtain at least one (1) of the following:
> >
> > > (A) A certificate of completion of a career and technical or vocational education program approved by the department of correction.
> > >
> > > (B) A certificate of completion of a substance abuse program approved by the department of correction.
> > >
> > > (C) A certificate of completion of a literacy and basic life skills program approved by the department of correction.

> (D) A certificate of completion of a reformative
> program approved by the department of correction.

This subsection was added to the statute in 1999. At the same time this subsection was added, another subsection was added that reads: "A person does not earn educational credit under subsection (b) unless the person completes at least a portion of the program requirements after June 30, 1999." Ind. Code § 35-50-6-3.3(h).

[9] Here, the State contends in part that we ought not consider the certificates of completion of the anger management and substance abuse classes Piggie submitted to the trial court after conclusion of his hearing because they were never technically introduced into evidence. Even if we were to consider those certificates, however, it is clear that Piggie is not entitled to DOC credit time for completion of those classes. The statute plainly states that no credit time shall be awarded for classes such as those for which Piggie seeks credit time "unless the person completes at least a portion of the program requirements after June 30, 1999." *Id.* The certificates provided by Piggie state that the substance abuse class was completed on February 2, 1999, and the anger management class was completed on November 4, 1997. Piggie cannot be awarded credit time for completion of these classes. The trial court did not clearly err in denying Piggie's claim for additional credit time.

## II. Sentence Modification

[10] The motion for modification of sentence was governed by Indiana Code Section 35-38-1-17. We review a trial court's ruling on a motion to modify for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and circumstances. *Id.* at 359.

[11] Piggie contends that the trial court should have modified his sentence so that he could serve the remainder of it in community corrections or a lower security facility. At the time Piggie filed his motion, Indiana Code Section 35-38-1-17(b) provided:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6.

[12] Under the prior version of Section 35-38-1-17, a person sentenced before June 30, 2001 could not seek modification of his or her sentence to community

corrections without the prosecutor's approval.[1] *See Morris v. State*, 936 N.E.2d 354, 357-58 (Ind. Ct. App. 2010), *trans. denied*. Here, the prosecutor did not approve of Piggie's modification request. Thus, the trial court lacked authority to grant that request, and it did not abuse its discretion in denying it. *See id.*

## Conclusion

The trial court properly denied Piggie's motions for an additional award of credit time and to modify his sentence. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.

---

[1] This statute was amended after Piggie filed his motion, but he makes no argument that the new version of the statute applies.