## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 7:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Chanse T. Starr
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chanse T. Starr,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 25, 2016

Court of Appeals Case No.
90A02-1501-CR-62

Appeal from the Wells Circuit Court

The Honorable Kenton Kiracofe, Judge

Trial Court Cause No.
90C01-1204-FC-12

**May, Judge.**

Chanse T. Starr appeals the trial court's denial of his motion for additional credit time. We affirm.

## Facts and Procedural History

Following a guilty plea, the trial court sentenced Starr to eight years for Class C felony burglary. Starr appealed his sentence and we affirmed. *Starr v. State*, No. 90A02-1306-CR-499 (Ind. Ct. App. August 11, 2014), *trans. denied*. On December 15, 2014, Starr, *pro se*, filed a motion for additional credit time in Wells County Circuit Court. Starr provided evidence he completed a substance abuse program while incarcerated. On December 22, the trial court denied Starr's motion.

## Discussion and Decision

We first note Starr proceeds in his appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when proceeding *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

Ind. Code § 35-50-6-3.3(b)(2014)[1] provides the requirements for an offender to earn educational credit time and states in relevant part:

> (b) . . . [A] person may earn educational credit if, while confined by the department of correction, the person:
>
> > (1)  is in credit Class I, Class A, or Class B;
> >
> > (2) has demonstrated a pattern consistent with rehabilitation; and
> >
> > (3) successfully completes requirements to obtain at least one (1) of the following:
>
> > > *  *  *  *  *
>
> > > (B) A certificate of completion of a substance abuse program approved by the department of correction.

The Department of Correction (DOC) has original jurisdiction over the decision to grant additional credit time to an offender who completes an educational program pursuant to Ind. Code § 35-50-6-3.3. *Sander v. State*, 816 N.E.2d 75, 78 (Ind. Ct. App. 2004). The DOC's decision is subject to review by the trial court. *McGee v. State*, 790 N.E.2d 1067, 1071 (Ind. Ct. App. 2003), *trans. denied*. A petitioner seeking credit time "must show in the first place what

---

[1] Starr filed his petition for additional credit time in December 2014, and thus we refer to the statute in effect at that time.

the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008).

[5]     Starr did not show what the relevant DOC administrative grievance procedures are, did not provide evidence he exhausted them, and argued he was not subject to that requirement. As he did not make that showing, we cannot say the court abused its discretion by denying his motion for additional credit time. *See, e.g.*, *Sander*, 816 N.E.2d at 78 (affirming denial of credit time because petitioner did not prove he exhausted administrative remedies).

# Conclusion

[6]     Starr did not indicate what the DOC administrative grievance processes are, nor did he demonstrate he had exhausted them. Accordingly, we affirm the denial of his petition.

[7]     Affirmed.

Baker, J., and Brown, J., concur.