## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 27 2017, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Robert Jenkins
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Jenkins, *Appellant-Defendant,* | September 27, 2017 |
| v. | Court of Appeals Case No. 49A04-1510-PC-1787 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Kurt Eisgruber, Judge |
| | Trial Court Cause Nos. 49G01-1408-PC-40662 49G01-1408-PC-40663 |

**May, Judge.**

Robert Jenkins, pro se, appeals the post-conviction court's dismissal of his petition for post-conviction relief ("PCR"). Jenkins raises seven issues, which we consolidate, reorder, and restate as:

1) Whether the court erred when it denied Jenkins' motion to appoint counsel;

2) Whether the court abused its discretion when it failed to grant Jenkins' motion to continue his hearing; and

3) Whether the court erred when it determined Jenkins failed to exhaust his administrative remedies.

We affirm.

# Facts and Procedural History

Jenkins is presently serving a thirty-year sentence in the Indiana Department of Correction ("DOC") for Class B felony armed robbery. On August 22, 2014, Jenkins filed a PCR petition asserting:

The following programs have been completed by Jenkins while incarcerated, but he has not received any additional credit time for their completion

a) Substance Abuse Phase 1 (2010)

b) Substance Abuse Phase 2 (2010)

c) Substance Abuse Phase 3 (2010)

> d)    Thinking For A Change (2009)

> e)    Therapeutic community stages 1, 2, 3, and 4.

> Additionally, Jenkins completed on his own, [sic] a college-level study program from Blackstone Paralegal College with a Certificate in Paralegal Studies in 2011.

(Appellant's App. Vol. 2 at 16.) The PCR court set a hearing on Jenkins' petition for August 11, 2015. On September 19, 2014, the State Public Defender's Office filed notice that it would not represent Jenkins in the proceeding, and Jenkins thereafter confirmed he wished to proceed pro se. In December 2014, the State filed an appearance and answer.

[3] On July 10, 2015, the State filed a "Motion to Dismiss for Lack of Jurisdiction or in the Alternative, Motion for Summary Disposition," (*id*. at 24), and a memorandum of law in support thereof. On July 17, Jenkins filed a motion to continue the evidentiary hearing; on July 20, he filed a motion for appointment of counsel; and on July 22, he filed a motion for earned good time credit. On July 30, Jenkins filed a response to the State's motion to dismiss or for summary disposition. The PCR court took all the motions under advisement.

[4] On August 11, 2015, the PCR court held the scheduled hearing on Jenkins' PCR petition. On September 16, 2015, the court entered an order denying Jenkins' request for a continuance as moot, an order denying Jenkins' request for counsel, and two final orders: one dismissed Jenkins' petition for "Failure

to Exhaust Administrative Remedies," (*id*. at 68-70), and the other denied Jenkins' petition on the merits. (*Id*. at 71-3.)

# Discussion and Decision

### *Motion for Appointment of Counsel*

[5] Jenkins asserts the PCR court erred by denying his July 20, 2015, motion for appointment of counsel. Neither the Sixth Amendment of the United States Constitution nor Article 1, Section 13 of the Indiana Constitution guarantee the right to counsel in post-conviction proceedings because such proceedings are not "criminal." *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989). Indiana PCR Rule 1(9)(a) states:

> Upon receiving a copy of the petition, including the affidavit of indigency, from the clerk of the court, the Public Defender may represent any petitioner committed to the Indiana Department of Correction in all proceedings under this Rule, including appeal, if the Public Defender determines the proceedings are meritorious and in the interests of justice. The Public Defender may refuse representation in any case where the conviction or sentence being challenged has no present penal consequences. Petitioner retains the right to employ his own counsel or to proceed pro se, but the court is not required to appoint counsel for a petitioner other than the Public Defender.

[6] In this case, the court notified the Public Defender of Jenkins' petition, and the Public Defender filed a notice of non-representation. The Public Defender was not required to represent Jenkins. *See* Rule 1(9)(a) ("Public Defender may represent"). Nor was the court required to appoint other counsel for Jenkins.

*See id.* ("court is not required to appoint counsel for a petitioner other than the Public Defender"); *see also* Rule 1(9)(c) ("Petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws."). We accordingly cannot find any error in the court's denial of the motion for appointment of counsel Jenkins filed after the Public Defender had declined to represent him.

### *Motion to Continue*

Jenkins argues the PCR court erred in denying his motion for continuance of the evidentiary hearing.

> Typically, a fact-finding court is given discretion to act on an issue when it is in a better position than an appellate court to evaluate the factual context surrounding the issue. We will second-guess the fact-finding court only when it responds to that factual context in an unreasonable manner. Prof. Stroud has provided the following description of this standard of review:
>
>> Abuse of discretion review, like all mixed question review, consists of an evaluation of facts in relation to legal formulae. In the final analysis, the reviewing court is concerned with *reasonableness* of the action in light of the record.
>
> Therefore, a trial court's exercise of discretion should be upset only when the court reached an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom.

*Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001) (internal citations and quotations omitted).

[8] Jenkins asserts he filed the motion for continuance because of his "struggles and difficulties . . . obtaining needed documentation and access to the law library." (Appellant's Br. at 12.) He claims the court erred by holding "the hearing, knowing [Jenkins] was not ready." (*Id*.) However, "[c]ontinuances for additional time to prepare for trial are generally disfavored, and courts should grant such motions only where good cause is shown and such a continuance is in the interest of justice." *Hyppolite v. State*, 774 N.E.2d 584, 595 (Ind. Ct. App. 2002), *trans. denied*.

[9] Jenkins filed his petition for PCR on August 22, 2014. On September 3, 2014, the PCR court scheduled the hearing on this petition for August 11, 2015. By mid-October 2014, Jenkins knew the Public Defender would not represent him. Thus, Jenkins had approximately ten months to gather documentation for the hearing, and we cannot hold the court abused its discretion when it denied Jenkins' motion for continuance. *See*, *e.g*., *id*. at 597 (finding no abuse of discretion in denial of continuance when petitioner did not demonstrate he could have discovered necessary evidence if continuance was granted).

### *Exhaustion of Administrative Remedies*

[10] Jenkins alleges the PCR court erred in finding Jenkins failed to exhaust his administrative remedies. Our legislature has provided a mechanism by which incarcerated persons can earn credit against a sentence for completion of

educational programs. *See* Ind. Code § 35-50-6-3.3. Following sentencing, when an incarcerated prisoner believes he has completed a program and qualifies for credit, "application for educational credit time must be made to and the initial ruling thereon made by the DOC." *Sander v. State*, 816 N.E.2d 75, 78 (Ind. Ct. App. 2004). We have so held because "the DOC alone is able to assess whether the applicant has met the behavior criterion set out in" the statute. *Id*.

[11] When a petition for educational credit time is denied, the prisoner "must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC." *Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008). Furthermore, when appealing the DOC's decision to a court, the petitioner must be able to demonstrate "what the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008).

[12] Jenkins made no mention of exhaustion of administrative remedies in his PCR petition. At the hearing, Jenkins asserted he provided the evidence demonstrating exhaustion in response to the State's motion to dismiss. Jenkins has directed us to nine pages of his Appendix, which he claims demonstrate exhaustion of administrative remedies. However, none of those memoranda and notes requesting copies of documentation from the DOC demonstrate the steps he needed to take to exhaust administrative remedies. Thus, Jenkins has not sustained his burden of showing what the appeal procedures were following

a denial of credit time or that he exhausted them. We cannot say the PCR court erred in finding Jenkins failed to exhaust his administrative remedies.[1] *See, e.g.*, *Members v. State*, 851 N.E.2d 979, 983 (Ind. Ct. App. 2006) (dismissing appeal because PCR court had not had authority to review petition for educational credit time when petitioner had not exhausted administrative remedies).

# Conclusion

The PCR court did not abuse its discretion in denying Jenkins' motion to continue the evidentiary hearing or his motion to appoint counsel. Further, Jenkins has not demonstrated the PCR court erred in determining Jenkins had not exhausted his administrative remedies. We accordingly affirm the dismissal of Jenkins' petition.

Affirmed.

Brown, J., and Pyle, J., concur.

---

[1] We note the post-conviction court entered two final orders. The first dismissed Jenkins' petition for failure to exhaust administrative remedies, and the second denied his petition on the merits. If, however, Jenkins had not exhausted his administrative remedies, then the post-conviction court did not have authority to review the merits of his petition. *See, e.g.*, *Burks-Bey v. State*, 903 N.E.2d 1041, 1043 (Ind. Ct. App. 2009) ("If an offender exhausts all of his administrative remedies through the DOC . . . , Indiana's courts then have subject matter jurisdiction over a request for educational credit time."). We, accordingly, decline to consider the order denying Jenkins' petition on the merits.