**David M. BURKS–BEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–0807–CR–638.

Court of Appeals of Indiana.

April 9, 2009.

David M. Burks–Bey, Bunker Hill, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, David M. Burks–Bey (Burks–Bey), appeals the trial court's dismissal of his Motion for Additional Earned Credit Time under Indiana Code section 35–50–6–3.3.

We reverse and remand with instructions.

### ISSUE

Burks–Bey presents two issues for our review, but we reach only one: Whether the trial court properly determined that it lacks subject matter jurisdiction over Burks–Bey's Motion for Additional Earned Credit Time.[1]

### FACTS AND PROCEDURAL HISTORY

On July 16, 2007, Tippecanoe Superior Court No. 2 sentenced Burks–Bey to twelve years for possession of cocaine as a Class B felony. Since he has been incarcerated, Burks–Bey has completed two programs that he says entitle him to credit time toward his sentence: "From Master Student to Master Employee" and "40 Days of Purpose." (Appellant's App. pp. 8, 11). The timeline relevant to the program "From Master Student to Master Employee" is as follows:

- December 28, 2007: Burks–Bey completed the program.
- January 22, 2008: the DOC awarded Burks–Bey three months of credit time toward his sentence based on his completion of the program.
- January 24, 2008: Burks–Bey wrote a letter to the DOC asking for three additional months of credit time.

- March 24, 2008: having received no response to his January 24 letter, Burks–Bey filed an Offender Grievance Program Formal Grievance seeking three additional months of credit time.
- April 21, 2008: having received no response to his March 24 grievance, Burks–Bey requested a grievance appeal form.

The timeline relevant to the program "40 Days of Purpose" is as follows:

- March 18, 2008: Burks–Bey completed the program.
- March 26, 2008: Burks–Bey wrote a letter to the DOC requesting credit time based on his completion of the program.
- April 15, 2008: having received no response to his March 26 letter, Burks–Bey filed an Offender Grievance Program Formal Grievance seeking up to six additional months of credit time.
- May 13, 2008: having received no response to his April 15 grievance, Burks–Bey requested a grievance appeal form.

On May 5, 2008, having received no response to his request for additional credit time with regard to the "From Master Student to Master Employee" program, and eight days before he requested a grievance appeal form with regard to the "40 Days of Purpose" program, Burks–Bey submitted to Tippecanoe Superior Court No. 2 a Motion for Additional Earned Credit Time. The trial court docketed that motion on May 12, 2008, and dismissed it the next day, May 13, 2008, stating that the "[a]ward of credit time is within the exclusive discretion of the Indiana Depart-

---

1. Burks–Bey also argues the merits of his motion, asking that we grant him credit time. However, because the trial court has yet to reach the merits of the motion, for us to do so would be premature.

ment of Correction." (Appellant's Br. p. 19).

Burks–Bey now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Burks–Bey contends that the trial court erred in dismissing his Motion for Additional Earned Credit Time. Educational credit time is governed by Indiana Code section 35–50–6–3.3, which provides, in pertinent part:

(b) ... [A] person may earn credit time if, while confined by the department of correction, the person:

(1) is in credit Class I;

(2) demonstrates a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain at least one (1) of the following:

(A) A certificate of completion of a career and technical education program approved by the department of correction.

(B) A certificate of completion of a substance abuse program approved by the department of correction.

(C) A certificate of completion of a literary and basic life skills program approved by the department of correction.

According to Burks–Bey, "From Master Student to Master Employee" is an approved career and technical education program and "40 Days of Purpose" is an approved basic life skills program. Under Indiana Code section 35–50–6–3.3(d), an offender may earn "[n]ot more than a total of six (6) months of credit, as determined by the department of correction, for the completion of one (1) or more career and technical education programs approved by the department of correction" and "[n]ot more than a total of six (6) months of

credit, as determined by the department of correction, for the completion of one (1) or more literacy and basic life skills programs approved by the department of correction." Burks–Bey contends that the DOC should have granted him more than the three months of credit that it did for "From Master Student to Master Employee," as well as some time, up to six months, for "40 Days of Purpose."

■ In dismissing Burks–Bey's motion, the trial court apparently concluded that it did not have subject matter jurisdiction over Burks–Bey's claim, stating that the "[a]ward of credit time is within the exclusive discretion of the Indiana Department of Correction." (Appellant's Br. p. 19). The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *Members v. State*, 851 N.E.2d 979, 981 (Ind.Ct.App.2006). The only relevant inquiry in determining whether a court has subject matter jurisdiction is whether the kind of claim advanced by the petitioner falls within the general scope of authority conferred upon such court by the constitution or by statute. *See id.*

■ To be sure, when an offender achieves an educational milestone after sentencing, the initial application for educational credit time must be made to and the initial ruling thereon made by the DOC. *Sander v. State*, 816 N.E.2d 75, 78 (Ind.Ct.App.2004). But the trial court's statement that the award of credit time is within the "exclusive discretion" of the DOC is too broad. If an offender exhausts all of his administrative remedies through the DOC and still fails to obtain the relief sought, Indiana's courts then have subject matter jurisdiction over a request for educational credit time. *See Stevens v. State*, 895 N.E.2d 418, 419 (Ind.Ct.App.2008). The burden is on the offender to show

what the relevant DOC procedures are and that he has exhausted them at all levels. *Young v. State,* 888 N.E.2d 1255, 1257 (Ind.2008).

Here, the trial court did not determine whether Burks–Bey has exhausted his administrative remedies. Therefore, we reverse the trial court's dismissal of Burks–Bey's motion and remand this case so that the trial court can make that determination. In doing so, the trial court should consider any documentation already submitted by Burks–Bey, along with any relevant documents that Burks–Bey has obtained since the time of his original motion in May of 2008. If Burks–Bey's submissions establish that he has exhausted his administrative remedies, then the trial court should address the merits of Burks–Bey's requests for credit time. If Burks–Bey fails to show that he has exhausted his administrative remedies, then the trial court should dismiss the cause without prejudice for lack of subject matter jurisdiction.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred in dismissing Burks–Bey's Motion for Additional Earned Credit Time for lack of subject matter jurisdiction without first determining whether Burks–Bey has exhausted his administrative remedies. As such, we remand this cause to the trial court with instructions to make that determination.

Reversed and remanded with instructions.

DARDEN, J., and VAIDIK, J., concur.