FILED
Aug 28 2015, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court



| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Abdullah Alkhalidi | Gregory F. Zoeller |
| New Castle, Indiana | Attorney General of Indiana |
| | Aaron T. Craft |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Abdullah Alkhalidi, | August 28, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Cause No. 77A01-1406-SC-278 |
| v. | Appeal from the Sullivan Superior Court |
| Indiana Department of Correction, | The Honorable Robert E. Springer, Judge |
| *Appellee-Defendant.* | The Honorable Ann Smith Mischler, Magistrate |
| | Trial Court Cause No. 77D01-1307-SC-529 |

**Barnes, Judge.**

# Case Summary

Abdullah Alkhalidi appeals the small claims court's granting of a motion to dismiss filed by the Indiana Department of Correction ("DOC"). We reverse and remand.

# Issues

Alkhalidi raises two issues, which we restate as:

I.  whether the small claims court had subject matter jurisdiction to decide his replevin claim; and

II.  whether Alkhalidi was required to prove that he exhausted his administrative remedies.

# Facts

In 2012, Alkhalidi was incarcerated in Wabash Valley Correctional Facility ("Wabash"), and his personal property was seized in a "strip cell" disciplinary action. Appellant's App. p. 32. Alkhalidi was "released from strip cell status" and some, but not all, of his property was returned. *Id.* at 32-33. Alkhalidi filed a grievance to recover the remainder of his missing property and then was transferred to Westville Correctional Facility ("Westville"). After his transfer, more, but not all, of Alkhalidi's property was returned. His grievance was denied on November 7, 2012. Alkhalidi immediately requested a grievance appeal form from Westville officials and was told to send the request to Wabash. On December 4, 2012, Alkhalidi sent a letter to Wabash requesting an appeal form but never received a response.

[4]     In 2013, Alkhalidi attempted to recover the property through an administrative tort claim proceeding, and his claim was denied. Alkhalidi then filed a small claims replevin action against the DOC seeking to recover $419.34, the alleged value of the remaining unreturned property. The DOC filed an Indiana Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief may granted. The motion to dismiss alleged in part that Alkhalidi's complaint was not specific enough to put the DOC on notice as to what property was missing and who was responsible for the alleged loss. The small claims court denied the DOC's motion to dismiss.

[5]     On May 12, 2014, a bench trial was conducted. At the conclusion of Alkhalidi's case-in-chief, the DOC moved for a directed verdict or judgment on the evidence claiming that Alkhalidi was required to exhaust administrative remedies before filing his lawsuit. The small claims court allowed the parties to file briefs on the issue of exhaustion of administrative remedies. On June 10, 2014, after the issue was briefed by the parties, the small claims court granted the DOC's motion for judgment on the evidence and concluded that Alkhalidi's claim should be dismissed because Alkhalidi "failed to exhaust his administrative remedies and therefore the Court is deprived of subject matter jurisdiction and should be dismissed pursuant to Trial Rule 12(B)(1)."

Appellee's App. p. 1.  The claim was dismissed with prejudice.  Alkhalidi now appeals.[1]

# Analysis

[6]     In determining whether Alkhalidi's claim was properly dismissed, we consider Indiana Trial Rule 41(B)[2] which provides in part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief.  The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

[7]     In ruling on such a motion, "a trial court may weigh the evidence, determine the credibility of witnesses and decide whether the party with the burden of proof has established a right to relief during the case-in-chief." *Barger v. Pate*, 831 N.E.2d 758, 761 (Ind. Ct. App. 2005).

---

[1] The small claims court certified Alkhalidi's statement of the evidence explaining, "the only issue decided by the Court, and briefed by the parties, was once a prisoner begins a grievance process he must exhaust all grievance remedies before initiating a law suit."  Appellee's App. p. 36.

[2] The DOC moved for judgment on the evidence pursuant to Indiana Trial Rule 50(B), which addresses whether there is sufficient evidence to submit the case to a jury.  Because the motion was made during a bench trial, it should have been treated as an Indiana Trial Rule 41(B) motion for involuntary dismissal.  *See Taflinger Farm v. Uhl*, 815 N.E.2d 1015, 1018 (Ind. Ct. App. 2004).

We review the grant or denial of a motion to dismiss made under Trial Rule 41(B) under the clearly erroneous standard. *Thornton-Tomasetti Engineers v. Indianapolis-Marion Cnty. Pub. Library*, 851 N.E.2d 1269, 1277 (Ind. Ct. App. 2006). We neither reweigh the evidence nor judge the credibility of the witnesses and will reverse only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the trial court. *Id.*

## I. Subject Matter Jurisdiction

As an initial matter, we address the small claims court's conclusion that Alkhalidi's failure to exhaust administrative remedies deprived it of subject matter jurisdiction. Our supreme court has clarified that "'[t]he question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.'" *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (quoting *Troxel v. Troxel,* 737 N.E.2d 745, 749 (Ind. 2000)). "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.* 542. Even after *K.S.,* it was arguably unclear whether a party's failure to exhaust administrative remedies was a question of subject matter jurisdiction or procedural error. *See, e.g.*, *Kennedy v. Town of Gaston*, 923 N.E.2d 988, 994 (Ind. Ct. App. 2010) (concluding that claim of failure to exhaust administrative remedies is a claim of procedural error and does not deprive a court of subject matter jurisdiction).

Then, in *First American Title Insurance Co. v. Robertson*, 19 N.E.3d 757, 760 (Ind. 2014), *amended on reh'g,* 27 N.E.3d 768, our supreme court summarily affirmed "that portion of the Court of Appeals opinion holding that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction." The DOC contends that it is still unclear whether the failure to exhaust administrative remedies is a defect in subject matter jurisdiction because *First American* only summarily affirmed our court's analysis of subject matter jurisdiction. However, we believe that our supreme court's distinction between subject matter jurisdiction and procedural error in *K.S.* and its summary affirmation in *First American* indicates that the failure to exhaust administrative remedies should be treated as procedural error. Thus, the small claims court erroneously considered the failure to exhaust administrative remedies as a jurisdictional defect.

Here, there is no dispute that a small claims court has subject matter jurisdiction to entertain a replevin action for $419.34. Thus, contrary to its conclusion, the small claims court had subject matter jurisdiction to decide Alkhalidi's claim.

## II. *Exhaustion of Administrative Remedies*

The DOC also contends that, regardless of whether exhaustion of remedies is treated as a jurisdictional defect or procedural error, dismissal was proper because Alkhalidi did not prove he exhausted his administrative remedies. The DOC claims that it was required to timely raise the issue of exhaustion and that, once the issue was raised, Alkhalidi had the burden of proving what remedies were available and that he exhausted them or was excused from

exhausting them. In support of its assertion that Alkhalidi had the burden of proof, the DOC cites *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008), in which an inmate filed a petition for educational credit time after the DOC denied him educational credit. Young appealed the denial of his petition, and our supreme court clarified that post-conviction relief proceedings are the appropriate procedure for presenting claims for educational credit time. *Young*, 888 N.E.2d at 1256. The court also admonished Young that, to prevail in a post-conviction relief proceeding, he must present evidence supporting each portion of his claim, including what the relevant DOC administrative grievance procedures were and that he had exhausted them at all levels. *Id.* at 1257.

[13] On the other hand, in *Jackson v. Wrigley*, 921 N.E.2d 508 (Ind. Ct. App. 2010), Jackson, an inmate in the DOC, filed a federal §1983 civil rights lawsuit challenging the DOC's visitation policy. The DOC moved for and was granted summary judgment on the basis that there were no genuine issues of material fact regarding whether Jackson exhausted his administrative remedies. On appeal, we acknowledged that most, if not all, federal circuits consider the exhaustion of administrative remedies an affirmative defense in this type of lawsuit unless the failure to exhaust remedies is readily apparent or unambiguously established from the face of the record. *Jackson*, 921 N.E.2d at 512. We rejected the DOC's argument that Jackson's amended complaint did not include what steps he took to exhaust his administrative remedies because the DOC, as the party asserting the affirmative defense, had the burden of proving the lack of exhaustion of remedies. *Id.*

[14] Although *Jackson* is not directly on point, we believe its reasoning should apply here, where we are faced with a civil replevin action as opposed to a post-conviction relief proceeding in which the petitioner bears the burden of establishing the grounds for relief by a preponderance of the evidence. *See Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). Unlike a post-conviction relief proceeding, "To recover in an action for replevin, a plaintiff must prove his title or right to possession; that the property is unlawfully detained; and that the defendant wrongfully holds possession." *Dawson v. Fifth Third Bank*, 965 N.E.2d 730, 735 (Ind. Ct. App. 2012). Because exhaustion of remedies is not an element of Alkhalidi's replevin action, the exhaustion requirement is more appropriately considered an affirmative defense. *See Willis v. Westerfield*, 839 N.E.2d 1179, 1185 (Ind. 2006) (explaining that an affirmative defense raises matters outside the scope of the prima facie case as opposed to controverting an element of a plaintiff's prima facie case). The proponent of an affirmative defense bears the burden of proof. *Id.* Accordingly, we conclude that the DOC, not Alkhalidi, had the burden of proving that Alkhalidi failed to exhaust his administrative remedies.

[15] The limited record before us shows that on November 7, 2012, the day Alkhalidi's grievance was denied, he requested an appeal form. The DOC told Alkhalidi to send his request to Wabash "so they have a record of it." Appellant's App. p. 33. On December 4, 2012, Alkhalidi sent a letter to Wabash requesting an appeal form but did not receive a response. Upon the close of Alkhalidi's case-in-chief, the DOC raised the issue of exhaustion of

administrative remedies and moved for dismissal on the basis that Alkhalidi failed to prove he exhausted his administrative remedies. Exhaustion is not an element of Alkhalidi's replevin action, and there is no indication that the DOC offered any evidence proving that Alkhalidi failed to exhaust his administrative remedies at the trial.[3] In what the DOC describes as an "oddity," the parties apparently submitted documentary evidence with their supplemental briefs. Appellee's Br. p. 11 n.7. Our review of the limited documentary evidence provided by the parties in their appendices does not clearly establish that Alkhalidi failed to exhaust his administrative remedies.[4] Thus, based on the record before us, we must conclude that the DOC has not proven that Alkhalidi failed to exhaust the available administrative remedies. As such, the small claims court's involuntary dismissal of Alkhalidi's claim was clearly erroneous.

## Conclusion

[16] The small claims court had subject matter jurisdiction to consider Alkhalidi's replevin claim. The DOC, not Alkhalidi, had the burden of proving that Alkhalidi failed to exhaust his administrative remedies before filing his claim. Because the DOC did not prove such, the small claims court erroneously dismissed Alkhalidi's claim. We reverse and remand.

---

[3] The DOC agrees, "that if a claimant attempts to use an administrative process but the governmental entity does not respond then the claimant may be excused from the exhaustion requirement." Appellee's Br. p. 22.

[4] To the extent the DOC contends on appeal that Alkhalidi's letter to Wabash was not timely, this issue was not raised to the small claims court and is waived. *See N. Indiana Pub. Serv. Co. v. Sloan*, 4 N.E.3d 760, 766 (Ind. Ct. App. 2014) (finding waiver were an issue was raised for the first time on appeal), *trans. denied*.

Reversed and remanded.

Kirsch, J., and Najam, J., concur.