

FILED

Jul 29 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

William H. Ellis, Sr.
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William H. Ellis, Sr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Rspondent*

July 29, 2016

Court of Appeals Case No.
02A03-1602-CR-376

Appeal from the Allen Superior
Court

The Honorable John F. Surbeck,
Jr., Judge

Trial Court Cause No.
02D04-9505-CF-250

**Crone, Judge.**

# Case Summary

William H. Ellis, Sr., appeals the postconviction court's denial of his petition for credit time not previously awarded by the Department of Correction ("DOC"). He argues that the postconviction court erred in denying his petition solely on the basis that the award of earned credit time is within the administrative responsibility of the DOC. Because the postconviction court denied Ellis's petition for credit time without considering whether he had exhausted his administrative remedies, we reverse the denial of his petition and remand for the postconviction court to determine whether Ellis has exhausted his administrative remedies, and if so, to address his petition on the merits.

# Facts and Procedural History

In May 1995, Ellis was charged with murder, a felony. A jury found him guilty as charged. In June 1996, the trial court sentenced Ellis to sixty years to be served in the DOC.

In March 2007, Ellis completed the Purposeful Living Units Serve ("PLUS") Program. In August 2013, Ellis completed the requirements to obtain a Literary Braille Transcribers Certification. In December 2013, Ellis completed the requirements to obtain a Department of Labor ("DOL") Apprenticeship Certification for the occupation of Office Manager/Administrative Services.

In October 2015, Ellis submitted a handwritten request to his DOC facility program director for assistance in applying for educational credit time based on his completion of the PLUS program, the Literary Braille Transcribers

Certification, and the DOL Apprenticeship Certification. Appellant's App. at 40. Ellis believed that he was entitled to six months to one year of additional educational credit for the three programs. The facility program director instructed Ellis to contact his caseworker. In November 2015, Ellis sent a letter to his caseworker "for her recommendation to determine, if [he] fulfilled the layed [sic] out case plan addressed for additional credit time cut referral." *Id.* at 38. The case worker responded that, according to Ellis's records, he had "maxed out for any more time cuts per policy." *Id.* at 39.

[5] In November 2015, Ellis submitted a classification appeal to the Indiana State Prison superintendent, which was denied. In January 2016, Ellis filed with the postconviction court his verified petition for credit time not previously awarded by the DOC and a memorandum in support of his petition. In these documents, Ellis asserted that he had exhausted his administrative remedies with the DOC by submitting the aforementioned correspondence to the facility program director and his caseworker and by filing a classification appeal. *Id.* at 23-24, 33. That same month, the postconviction court denied his petition without a hearing, finding that "the award of earned credit time is within the administrative responsibility of the [DOC]." *Id.* at 21. This appeal ensued.

# Discussion and Decision

[6] Ellis argues that the postconviction court erred by denying his petition for credit time not previously awarded by the DOC.[1] Specifically, he contends that the postconviction court had subject matter jurisdiction to hear his petition because he had exhausted his administrative remedies with the DOC. The State counters that Ellis has failed to show that he has exhausted his administrative remedies and that Indiana courts do not have subject matter jurisdiction over a request for educational credit time unless the petitioner exhausts all his or her administrative remedies, citing *Burks-Bey v. State*, 903 N.E.2d 1041, 1043-44 (Ind. Ct. App. 2009).

[7] As an initial matter, we note that the parties incorrectly link the exhaustion of administrative remedies to subject matter jurisdiction. "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (quoting *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)). Thus, claims based on procedural defects do not implicate jurisdictional questions. *Id.* at 541. Since *K.S.*, our supreme court has indicated that exhaustion of administrative remedies is not a question of subject matter jurisdiction but one of procedural error. *See First Amer. Title Ins. Co. v.*

---

[1] In *Young v. State*, 888 N.E.2d 1255, 1256-57 (Ind. 2008), our supreme court recognized that a petition for postconviction relief is the proper vehicle for raising a credit-time claim after administrative remedies have been exhausted.

*Robertson*, 19 N.E.3d 757, 760 (Ind. 2014) (summarily affirming "that portion of the Court of Appeals opinion holding that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction."), *amended on reh'g on other grounds*, 27 N.E.3d 768 (2015); *see also Alkhalidi v. Ind. Dep't of Correction*, 42 N.E.3d 562, 565 (Ind. Ct. App. 2015) (concluding that "our supreme court's distinction between subject matter jurisdiction and procedural error in *K.S.* and its summary affirmation in *First American* indicates that the failure to exhaust administrative remedies should be treated as procedural error."); *Rudisel v. State*, 31 N.E.3d 984, 988 (Ind. Ct. App. 2015) ("To the extent the State asserts that this court does not have jurisdiction because Rudisel has not shown that she exhausted her administrative remedies, we do not believe that the failure to exhaust administrative remedies implicates the subject matter jurisdiction of the trial court or this court.") (citing *First American*, 19 N.E.3d at 760, and *K.S.*, 849 N.E.2d at 542).

[8] In general, the trial court determines the amount of initial credit time to which a defendant is entitled at the time of sentencing, and thereafter the DOC is responsible for modifications to credit time, including modifications for educational credit. *Samuels v. State*, 849 N.E.2d 689, 692 (Ind. Ct. App. 2006), *trans. denied*; *see also* Ind. Code § 35-50-6-3.3 (providing for credit time for successful completion of educational degree). The DOC is required to implement a departmental grievance procedure in which a committed person may submit grievances arising out of administrative acts that affect that person,

including claims that the DOC wrongfully denied educational credit time. *Id*. (citing Ind. Code § 11-11-1-2). "When educational credit time is denied, a person must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC." *Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008). The petitioner bears the burden to show what the relevant DOC procedures are and that he has exhausted them. *Burks-Bey*, 903 N.E.2d at 1043.

[9] Here, the postconviction court did not deny Ellis's petition for credit time based on a finding that Ellis failed to show that he had exhausted his administrative remedies. Rather, the postconviction court denied Ellis's petition because "the award of earned credit time is within the administrative responsibility of the DOC." Appellant's App. at 21. In *Burks-Bey*, another panel of this Court concluded that the postconviction court erred in dismissing Burks-Bey's action seeking additional educational credit time, where the postconviction court found that the "award of credit time is within the exclusive discretion of the [DOC]." 903 N.E.2d at 1043. The *Burks-Bey* court reversed the dismissal of the action and remanded for the postconviction court to consider whether Burks-Bey had exhausted his administrative remedies. *Id*. at 1044.

[10] Similarly, in this case the postconviction court denied Ellis's petition for credit time without considering whether he had exhausted his administrative remedies. Therefore, we reverse the postconviction court's denial of Ellis's petition for credit time and remand so that the postconviction court can determine whether he has exhausted his administrative remedies. If Ellis

establishes that he has exhausted his administrative remedies, then the postconviction court should address the merits of his request for credit time. If he fails to establish that he has exhausted his administrative remedies, then the postconviction court should dismiss the petition without prejudice.[2] *See id*.

Reversed and remanded.

Najam, J., and Robb, J., concur.

---

[2] Ellis also asserts that a "prosecuting attorney is not authorized by statute to represent the DOC against a petitioners' [sic] claim for educational credit time." Appellant's Br. at 8. Ellis is under the mistaken impression that a prosecuting attorney is representing the DOC in this appeal. Because the Attorney General is representing the State in this appeal, we need not address this argument. *See Ind. Dep't of Corr. v. Haley*, 928 N.E.2d 840, 847 (Ind. Ct. App. 2010) (stating that "Indiana Code Sections 4-6-1-6 and 4-6-2-1 confer to the attorney general the authority to represent the DOC" in an action seeking educational credit).