## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2016, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Jeremiah Beverly

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Hale Barrow
Kyle Martin Hunter
Deputy Attorney Generals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremiah Beverly,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

August 16, 2016

Court of Appeals Case No.
49A04-1509-PC-1506

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-1501-PC-1403

**Pyle, Judge.**

# Statement of the Case

Jeremiah Beverly ("Beverly") appeals the post-conviction court's denial of his petition for post-conviction relief in which he requested educational credit for his completion of a bachelor's degree. The post-conviction court denied the petition on the basis that Beverly had not exhausted his administrative remedies for challenging the denial of his educational credit with the Indiana Department of Correction ("the DOC"). Because we also find that Beverly did not exhaust his administrative remedies, we conclude that we do not have subject matter jurisdiction over Beverly's case and must dismiss his appeal.

We dismiss.

# Issue

> Whether we have subject matter jurisdiction to review the post-conviction court's denial of Beverly's petition for post-conviction relief.

# Facts

On March 6, 2003, Beverly was sentenced to forty (40) years with five (5) years suspended for Class A felony voluntary manslaughter and five (5) years for Class C felony carrying a handgun without a license, with the sentences to be served concurrently.

In May 2008, while incarcerated, Beverly completed the coursework requirements to earn a bachelor of general studies degree ("Bachelor's Degree") from Ball State University ("Ball State"). On July 14, 2008, he submitted an

application to graduate from the university at the end of the Fall 2008 semester. However, on August 29, 2008, he received a Class A conduct report from the DOC for refusing a work assignment on five occasions between July 17, 2008 and July 28, 2008. As a result of this report, Beverly was placed in segregation at the Indiana State Prison ("ISP") and withdrew his application for graduation.

On May 27, 2009, Beverly again applied to Ball State for graduation. He then graduated on June 19, 2009 and received his Bachelor's Degree. On August 11, 2009, the Dean of Ball State's School of Extended Education mailed a letter to the DOC certifying that Beverly had "completed all of the requirements" for his Bachelor's Degree on June 19, 2009. (Appellant's App. 20). Two days later, the DOC Supervisor of Education at Beverly's prison completed a form verifying that Beverly had completed his degree and then sent it to the Offender Placement section of the Classification Division of the DOC. However, on August 26, 2009, the DOC Supervisor of Offender Placement and Classification, Randall Short ("Classification Supervisor"), issued a finding that Beverly was not eligible for any educational credit for completing the degree because he had received a Class A conduct report during the year prior to completing his degree.[1]

---

[1] "Educational credit" means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program. IND. CODE § 35-50-6-0.5. Pursuant to the DOC's policies, which Beverly has partially included in his Appellant's Appendix, an

[6] Sometime between the end of August 2009 and October 2009, Beverly transferred to the ISP.[2] The Supervisor of Education there submitted a second form verifying that Beverly had completed his Bachelor's Degree. However, the Classification Supervisor again found that Beverly was ineligible to receive any educational credit as a result of his conduct in the year prior to earning his degree.

[7] On November 1, 2010, the DOC's Director of Education, John Nally ("Director of Education"), sent a letter to Beverly stating that Beverly's "recent letter to the Commissioner ha[d] been forwarded to [his] office."[3] (Appellant's App. 10). The Director of Education then informed Beverly that: "I have confirmed with Ball State University that you officially completed your degree on June 19, 2009. I had them check it twice, and that is the official date." (Appellant's App. 10).[4] In addition, the Director of Education noted that he had reviewed Beverly's 2008 and 2009 violations, as well as a later violation in

offender must have "one (1) year clear of any Class A conduct reports at the time of program completion" in order to qualify for educational credit. (Appellee's App. 20).

[2] It is apparent that Beverly had transferred from the ISP after his 2008 placement in segregation there.

[3] Beverly did not include a copy of the letter he sent to the Commissioner, or any of his other letters, in his Appendix. Accordingly, we do not know when he sent this letter or what its contents were.

[4] Beverly failed to number the pages in his Appellant's Appendix in violation of Indiana Appellate Rule 51(C). All reference to the Appellant's Appendix will begin pagination with page one being the Notice of Completion of the Clerk's Record and proceeding consecutively from there. Further, we will distinguish between the Appellant's Appendix and the Appellee's Appendix by referring to them as "Appellant's App." and "Appellee's App.," respectively.

2010. Based on these violations, the Director reaffirmed that he could not approve Beverly's degree for purposes of educational credit.

[8] Four months later, on March 10, 2011, Beverly submitted a "Request for Interview" form to the Site Manager of the Indiana State Prison, Deborah J. Cutler ("ISP Site Manager"). In this request form, Beverly asked the ISP Site Manager if the date he had completed his Bachelor's Degree, for the purposes of receiving educational credit, was the date that he had completed his coursework requirements for the degree. She replied that the relevant date was the date Beverly had "actually graduated" from the program, not the date of his last class. (Appellant's App. 9).

[9] On April 19, 2011, the Director of the Indiana Department of Administration Ombudsman Bureau ("Ombudsman Bureau") wrote Beverly a letter confirming that the Ombudsman Bureau was "in receipt of [his] recent complaint regarding credit time for [his] Bachelor's Degree."[5] (Appellant's App. 11). The Director told Beverly that she had contacted the appropriate personnel concerning his complaint and had determined that Beverly was not eligible for educational credit due to the conduct report he had received prior to graduating. She further wrote that the Bureau had closed the complaint and that Beverly should "[f]eel free to file additional complaints with the Bureau should [he] suspect a

---

[5] In the letter, the Director noted that the Ombudsman Bureau was established to "investigate and resolve complaints that [the DOC] violated a law, rule, or its own policy, or that it endangered the health or safety of any person." (Appellant's App. 11). Beverly's complaint is not a part of the record, so we do not know the date that Beverly filed the complaint or its contents.

break in DOC policy or procedure." (Appellant's App. 11). However, she requested that he "please use the facility level process available to [him] before submitting complaints with the Bureau." (Appellant's App. 11).

[10] On November 13, 2014, Beverly filed a classification appeal arguing that he should have been allowed to have copies of all of his completed program certificates or the verification forms for his completed programs. He wrote that the reason for his appeal was that he had not received all of his educational credit and needed a "stamped list of completed programs that [he had not] received time cuts for." (Appellant's App. 12). His appeal was denied based on the reasoning that he was not allowed to possess copies of any certificates that he had earned.

[11] On January 15, 2015, Beverly filed a pro se petition for post-conviction relief arguing that he should have received educational credit for his Bachelor's Degree because he had "completed" the degree when he finished the credit hours required for the degree rather than when he graduated. (Appellee's App. 5). Because he had completed those credit hours in May 2008, prior to receiving his Class A conduct report, he argued that he had not received a Class A conduct report within the year prior to earning his degree. As a result, he claimed that he should have been awarded educational credit.

[12] On February 18, 2015, while his petition for post-conviction relief was pending, Beverly filed a formal grievance with the DOC Offender Grievance Program. As in his petition, he argued that he had completed his degree in May 2008,

before his Class A conduct report and, therefore, should have received credit for the degree.

[13] On March 5, 2015, the State filed a motion to dismiss Beverly's petition for post-conviction relief or, in the alternative, for summary disposition of the petition. The post-conviction court held a hearing on the State's motion on April 15, 2015, and denied the motion at the end of the hearing. On June 24, 2015, the post-conviction court then held an evidentiary hearing on Beverly's petition, which it denied on September 2, 2015. As a basis for its denial of the petition, the post-conviction court reasoned that Beverly had not exhausted his administrative remedies prior to filing his petition because Beverly had not followed the procedures specified in the DOC's "Offender Grievance Process." (Appellant's App. 6). Alternatively, the post-conviction court reviewed the merits of Beverly's claim and determined that Beverly had not "completed his degree" until he had officially graduated—which occurred after he received his Class A conduct report. Beverly now appeals.

## Decision

[14] On appeal, Beverly argues that the post-conviction court erred in determining that he had not exhausted his administrative remedies prior to filing his petition for post-conviction relief.[6] Specifically, he asserts that he was required to

---

[6] Beverly also argues that the DOC and the post-conviction court erred in determining that he had not completed his degree until he officially graduated from his program. However, because we find the issue of jurisdiction dispositive, we need not address Beverly's remaining argument.

exhaust his administrative remedies under the "Classification Decision Appeals Process," not the "Offender Grievance Process" that the post-conviction court considered. (Appellant's App. 6, 7). He also asserts that his attempts to contact the Commissioner, the ISP Site Manager, and the Ombudsman Bureau were sufficient to exhaust his administrative remedies. Because he argues that he did exhaust his administrative remedies, he further claims that he was entitled to educational credit for his degree.

[15] Preliminarily, we note that "[t]he petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Hollowel v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014) (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* at 269. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

[16] Beverly disputes the post-conviction court's conclusion that he did not exhaust his administrative remedies to challenge the DOC's denial of his educational credit. Pursuant to INDIANA CODE § 35-50-6-3.3, a person earns education credit if the person:

>    (1) is in credit Class I, Class A, or Class B;
>
>    (2) has demonstrated a pattern consistent with
>         rehabilitation; and

> (3) successfully completes requirements to obtain one (1)
>    of the following: . . .
>
>> (D) A bachelor degree from an approved
>>    postsecondary educational institution (as
>>    defined under [I.C. §] 21-7-13-6(a)) earned
>>    during the person's incarceration.

The legislative intent behind the educational credit statute is to enhance rehabilitation by providing offenders with the incentive to further their education while incarcerated. *Members v. State*, 851 N.E.2d 979, 982 (Ind. Ct. App. 2006). While the trial court determines the initial credit time when an offender is sentenced, modification to that credit time—which includes modification because of educational credit—is the responsibility of the DOC. *Id.* Stated differently, "the trial court imposes the sentence, and the DOC administers the sentence." *Id.* at 983. As a consequence, the DOC maintains the responsibility to deny or restore credit time, and an offender with a grievance regarding credit time must exhaust all of his administrative remedies with the DOC before resorting to judicial remedies. *Id.* We have previously held that this court lacks subject matter jurisdiction to address an issue of credit time when a defendant has failed to exhaust his administrative remedies. *Id.* In such a case, we must dismiss the appeal. *Id.* Further, the burden is on the defendant to show what the relevant procedures are and that he has exhausted them at all levels. *Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008); *Burks-Bey v. State*, 903 N.E.2d 1041, 1043-44 (Ind. Ct. App. 2009).

[17]     Here, we find that Beverly has waived his exhaustion argument by failing to present evidence that he fulfilled his burden of showing the post-conviction court what the relevant DOC procedures were and that he had exhausted them at all levels. *See id.* Beverly's Appendix consists of freestanding documents and documents that are labeled as "Exhibits" but lack any context. It is not clear if or when the documents were admitted as evidence. Two such freestanding documents are excerpts of the DOC's "Offender Grievance Process" and "Classification Decisions Appeal Process." (Appellant's App. 6, 7). Neither of these excerpts is labeled as an exhibit, and Beverly has not given any context for either of them to establish which procedural remedy he was required to exhaust. Further, there is no evidence that he submitted either excerpt at his post-conviction hearing to inform the post-conviction court of the relevant procedures. Beverly withdrew his request for a transcript of the post-conviction hearing, so our ability to review the evidence he presented to the post-conviction court is limited.

[18]     Our supreme court has held that an appellant bears the burden of presenting this Court with a record that is complete with respect to the issues raised on appeal. *Clark v. State*, 562 N.E.2d 11, 13 (Ind. 1990), *cert. denied*. This burden includes the duty to ensure that the appellate court has before it a transcript of the trial proceedings or, where no transcript is available, an affidavit setting forward the content of the proceedings. *Id.* Failure to do so can result in waiver. *Id.* Accordingly, because Beverly's exhaustion of administrative remedies is an issue on appeal and he did not meet his burden of ensuring that

the record was complete with respect to his handling of that issue at his hearing, we conclude that he has waived his claim.

[19] Waiver notwithstanding, we conclude that we do not have subject matter jurisdiction over Beverly's claim because he has not shown that he exhausted his remedies, regardless of whether the applicable DOC procedure was the "Offender Grievance Process" or the "Classification Decisions Appeal Process." According to a document "Procedure for Earning Additional Credit under 135-50-6-33," which Beverly included in his Appendix, it is the role of the Offender Placement/Release Sections within the Classification Division of the DOC to determine, once they have received verification that an offender has completed an educational degree, whether the offender meets all of the eligibility requirements for earning educational credit.[7] (Appellant's App. 15). The Supervisor of the Classification Division must then notify the offender of the change in his or her earliest possible release date and the amount of credit time that he or she has been awarded or denied. (Appellant's App. 15). The DOC's "Manual of Policies and Procedures" ("the Manual") then delineates the "Offender Grievance Process" and the "Classification Decisions Appeals Process.

[20] If, as the post-conviction court determined, the "Offender Grievance Process" applies to Beverly's challenge, Beverly was required to attempt to "resolve the

---

[7] Beverly did not provide a context for this document.

grievance in an informal manner by discussing it with [his] counselor or another staff member in the housing unit who may be able to assist in the resolution of the problem," according to the excerpt of the Manual that he included in his Appendix. (Appellee's App. 39). Beverly had to contact the staff member "as soon as possible after the incident, but in no case . . . [after] more than five (5) working days from the date of the incident" without "a reasonable explanation for delay." (Appellee's App. 39). If he was unable to resolve his grievance informally, he was then required to file a formal written grievance within twenty working days from the date of the incident triggering the grievance.

[21]    Beverly has not shown that he completed any of these processes within the time limits specified in the Manual. Even if his letter to the Commissioner or request for an interview with the ISP Site Manager qualified as attempts at resolving his grievance informally, he did not undertake either action until over a year after he was initially denied educational credit. In addition, he did not file his formal written grievance until February 18, 2015—five-and-a-half years after he was initially denied educational credit.

[22]    Alternatively, Beverly also failed to show that he exhausted his administrative remedies under the "Classification Decisions Appeals Process." Pursuant to the excerpt of the Manual that Beverly included in his Appendix, if an offender decides to appeal a classification decision,

>    the offender shall:

> (1) Submit a written appeal within ten (10) working days from the date that the offender received the classification decision;
>
> (2) Submit the appeal on the State Form 9260, CLASSIFICATION APPEAL;
>
> (3) Attach relevant documents to the appeal form as deemed necessary; and,
>
> (4) Submit the appeal form and all other documents to the Superintendent.

(Appellant's App. 7). The Superintendent is the final administrative review for intra-facility classification decisions. (Appellant's App. 8).

[23] Rather than filing an appeal within ten days, as required, Beverly did not file a classification appeal until November 13, 2014, five years after the Classification Division had initially denied his educational credit in August 2009. Further, Beverly's classification appeal did not even directly challenge the Classification Division's denial of his educational credit. Instead, Beverly argued in his appeal that he should have been allowed to have copies of all of his completed program certificates. He mentioned that he had not received all of his educational credit, but he did so only in order to justify his request for the certificates rather than to challenge the denial of the credit.

[24] In spite of his failure to follow either the "Offender Grievance Process" or the "Classification Decision Appeals Process," Beverly argues that he exhausted his remedies through the various attempts he made to raise his grievances with DOC officials. In support of this argument, Beverly cites to *Delp v. State*, No.

49A02-1405-PC-358 (Ind. Ct. App. March 27, 2015). However, *Delp* is an unpublished memorandum decision that does not have any precedential value. *See* Ind. Appellate Rule 65 (stating that a memorandum decision that is not published in the official reporter and is not citable). Beverly has not provided us with any other authority indicating that we may deviate from the DOC's established procedures when determining whether a defendant has exhausted his remedies. Accordingly, we conclude that, because Beverly did not follow either of the DOC processes he potentially presented at his post-conviction hearing, he has not met his burden of showing that he exhausted his administrative remedies prior to filing his petition for post-conviction relief. As such, we do not have jurisdiction to review his claim and must dismiss his appeal. *See*, *e.g.*, *Members*, 851 N.E.2d at 983 (holding that this Court was required to dismiss the appeal where the defendant had not exhausted his administrative remedies to challenge the denial of his educational credit).

[25] Dismissed.

Baker, J., and Bradford, J., concur.