## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2017, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Phillip D. Ealy
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip D. Ealy, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | April 7, 2017 <br><br> Court of Appeals Case No. <br> 49A05-1610-CR-2304 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Grant Hawkins, Judge <br><br> Trial Court Cause No. <br> 49G05-9312-CF-168186 |

**Vaidik, Chief Judge.**

[1] In 1994, Phillip D. Ealy was convicted of murder and carrying a handgun without a license and sentenced to sixty years. *See Ealy v. State*, 685 N.E.2d

1047 (Ind. 1997). In 2016, Ealy sought six months of credit for a substance-abuse program that he had completed in prison in April 1996. *See* Appellant's App. p. 22. The Indiana Department of Correction ("DOC") and later the trial court denied Ealy's request, and he now appeals. Indiana Code section 35-50-6-3.3(b), which allows a person to earn educational credit for completing a DOC-approved substance-abuse program while confined in the DOC, went into effect in 1999. *See* P.L. 183-1999, § 3. However, educational credit cannot be earned under subsection (b) unless the person completes at least a portion of the program requirements after June 30, 1999. Ind. Code § 35-50-6-3.3(h). Because Ealy completed the program in April 1996, he is not entitled to any credit.[1] We therefore affirm the trial court.

[2] Affirmed.

Bailey, J., and Robb, J., concur.

---

[1] To the extent Ealy seeks educational credit for completing an anger-management program, he has not shown that the program is covered by the statute. And to the extent he seeks educational credit for completing the program "Thinking for a Change" in 2007, he has not exhausted his administrative remedies within the DOC. *See* Appellant's App. pp. 18, 19, 20, 21, 22, 23, 24 (documents showing that Ealy sought credit for only substance-abuse and anger-management programs); *Ellis v. State*, 58 N.E.3d 938, 941 (Ind. Ct. App. 2016) (explaining that a person must exhaust his administrative remedies within the DOC before appealing to a court because determinations regarding credit are the responsibility of the DOC), *trans. denied*.