## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2017, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corey M. Gardner-Shepard, *Appellant-Defendant,* | July 17, 2017 |
| | Court of Appeals Case No. 34A05-1703-CR-661 |
| v. | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable William C. Menges, Judge |
| | Trial Court Cause Nos. 34D01-1308-FA-626 34D01-1307-FB-520 |

**Baker, Judge.**

[1] Corey Gardner-Shepard appeals the trial court's order revoking his probation and ordering that he serve his previously-suspended sentence. Gardner-Shepard argues that the sanction for the violation is too severe and that the trial court erroneously calculated the credit time he is owed. Finding no error with respect to the sanction and that any other reviewable error was invited, we affirm.

## Facts

[2] On May 21, 2014, Gardner-Shepard pleaded guilty under two causes that were combined into one plea agreement to the following offenses: Class B felony unlawful possession of a firearm by a serious violent felon; Class D felony possession of a narcotic drug; Class A misdemeanor dealing in marijuana; and Class B felony dealing in cocaine or a narcotic drug. Appellant's App. Vol. II p. 56. The trial court sentenced Gardner-Shepard to an aggregate term of 5,475 days, with 4,380 executed and 1,090 suspended to probation; the trial court awarded Gardner-Shepard 619 days of credit time.

[3] On July 25, 2016, Gardner-Shepard filed a petition to modify his sentence. The trial court granted the petition on September 8, 2016, placing Gardner-Shepard in the Community Transition Program on home detention, placing Gardner-Shepard in a re-entry program, and suspending the remainder of Gardner-Shepard's sentence to probation. A specific provision of the Community Transition Program required Gardner-Shepard to successfully complete the trial court's re-entry program.

[4] On January 12, 2017, the State filed a petition to revoke Gardner-Shepard's probation because he withdrew from the re-entry program. At a February 2, 2017, hearing on the petition to revoke, Gardner-Shepard admitted that he had withdrawn from the re-entry program. Consequently, the trial court determined that Gardner-Shepard had violated the terms of his probation.

[5] On March 7, 2017, the trial court held a hearing regarding the sanctions to be imposed for the probation violation. It ordered Gardner-Shepard to serve 1,838 days of his previously-suspended sentence. In calculating the amount of credit time Gardner-Shepard was due for the time he was incarcerated while awaiting disposition of the revocation proceedings, the trial court relied on Gardner-Shepard's representations and awarded 60 days of credit time. Tr. p. 15-16. Gardner-Shepard now appeals.

## Discussion and Decision

[6] Gardner-Shepard raises two arguments on appeal: (1) the order that he serve the balance of his previously-suspended sentence for the probation violation is too severe; and (2) the trial court erroneously calculated the amount of credit time to which he is entitled for the period of time he was incarcerated during the probation revocation proceedings.[1]

---

[1] Gardner-Shepard also seems to argue that the trial court failed to award him credit time for time spent in the Department of Correction (DOC) between May 21, 2014, and his sentencing modification on September 8, 2016. He may also be arguing that he is entitled to even more credit time because of his participation in a DOC program. Credit time to which he is owed during incarceration with the DOC, however, is for the DOC, rather than the trial court, to calculate and determine. *See Ellis v. State*, 58 N.E.3d 938, 941 (Ind. Ct.

[7] With respect to the sanction imposed by the trial court, we note that probation is a matter of grace left to the trial court's discretion rather than a right to which a defendant is entitled. *E.g.*, *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the terms and conditions of probation, and the trial court may revoke probation if the terms and conditions are violated. *E.g.*, *Castillo v. State*, 67 N.E.3d 661, 663-64 (Ind. Ct. App. 2017), *trans. denied*. Indeed, a trial court may revoke a defendant's probation for violation of a single condition of his probation. *E.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[8] Here, it is undisputed that a condition of Gardner-Shepard's probation was his participation with and successful completion of the trial court's re-entry program. It is also undisputed that Gardner-Shepard withdrew from that program before completing it. Gardner-Shepard has a lengthy criminal history and has violated probation in the past. Under these circumstances, we find no error with respect to the trial court's decision to revoke probation and order that Gardner-Shepard serve the balance of his previously-suspended sentence.

---

App. 2016) (holding that trial court determines the initial amount of credit time at the time of sentencing; thereafter, it is for the DOC to determine any modifications to credit time), *trans. denied*. Furthermore, if Gardner-Shepard seeks to raise a judicial claim that DOC has failed to give him all credit time he is owed from his prior incarceration, he must demonstrate that he has exhausted all administrative remedies with the DOC for that credit time. *See id.* at 941 (defendant must exhaust all DOC administrative remedies before appealing to a court regarding credit time). Gardner-Shepard has made no showing or argument that he has done so. As such, we will not address his arguments related to credit time allegedly accumulated during his period of incarceration before his probation violation.

[9]     With respect to the trial court's calculation of the credit time Gardner-Shepard is owed for the time in which he was incarcerated while awaiting disposition of the probation violation proceedings, Gardner-Shepard argues that he was in jail awaiting disposition for 69 days, rather than the 60 days found by the trial court. The relevant portion of transcript reads as follows:

| | |
|---|---|
| Court: | . . . [Gardner-Shepard is] given credit for 42 actual days or 84 days day-for-day credit served while awaiting disposition in this matter. That is starting from the date of arrest on Petition to Revoke . . . going from January 24th . . . . |
| Defense Counsel: | Your Honor, Mr. Gardner-Shepard thinks that he was incarcerated at Howard County Jail since the 28th of December. |
| Court: | So he's thinking he was in longer than [the] 24th. So through January 5th would have been his CTP[2] time. |
| Defense Counsel: | Correct, Judge. |
| Court: | So we'd want to start his sentence then on January 6th. So . . . he's given credit for 60 actual days or 120 days day-for-day credit |

---

[2] "CTP" refers to the Community Transition Program, which Gardner-Shepard was serving on home detention. Earlier in the hearing, Gardner-Shepard's attorney informed the court that "Mr. Shepard was on Community Corrections CTP until the 5[th] of January, 2016." Tr. p. 13.

served while awaiting disposition in this matter.

\*\*\*

Defense Counsel:   Thank you, Judge.

Tr. p. 15-16.

[10] It is unclear from this record whether an error was, in fact, made—no exhibits related to Gardner-Shepard's incarceration dates were admitted into evidence at the hearing.  But even if an error was made, it was invited, as Gardner-Shepard's attorney agreed that he had been on home detention through January 5, 2016, and agreed with the trial court that sixty days of credit time was the appropriate amount owed to Gardner-Shepard.  *See Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) (holding that a party may not take advantage of an error that he commits or invites); *Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App. 2016) (noting that invited error is not fundamental error).  Therefore, we decline to reverse on this basis.

[11] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.