## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 15 2017, 8:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark S. Wright
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James D. Boyer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark S. Wright, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 15, 2017 <br><br> Court of Appeals Case No. 46A03-1701-CR-230 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Greta S. Friedman, Special Judge <br><br> Trial Court Cause No. 46D01-9806-CF-94 |

**Mathias, Judge.**

[1] Mark S. Wright ("Wright") appeals the post-conviction court's denial of his motion for additional earned credit time. Because the post-conviction court

denied Wright's motion for additional credit time without determining whether Wright had exhausted his administrative remedies, we reverse and remand with instructions.

## Facts and Procedural History

[2] Wright has been incarcerated in the Department of Correction ("DOC") since 1999. During his time in prison, Wright has taken advantage of numerous programs and courses offered, including earning educational credit time by obtaining a bachelor's degree from Ball State University in 2009. Recently, Wright completed the following programs for which he asserts he did not receive additional earned credit time: (1) Aramark In2Work Kitchen Basics 101, (2) Aramark In2Work Retail Basics 101, (3) ServSafe Food Protection Manager Certification Program, (4) Thinking for a Change PLUS Program, and (5) the Anger/Stress PLUS Program. Appellant's App. pp. 23–28.

[3] On May 6, 2016, Wright filed a motion for earned credit time for completion of these programs with the post-conviction court. The post-conviction court denied Wright's motion on December 15, 2016, stating in relevant part:

> [Wright] has provided a plethora of documents in support of his Petition, but the documents do not answer the critical questions[:]
>
> 1. Did he receive a certificate of completion for a program set forth in IC 35-50-6-3.3 (b) (3) (A) through (D)?
>
> 2. If he did, has he already received credit for that program?

> The answers to these questions can only be provided by proper documentation from the Department of Correction, and the documentation heretofore provided does not support the Petition. [Wright] may refile with appropriate documents if he chooses.

*Id.* at 11.

[4] Based on the post-conviction court's response, Wright filed a motion to correct error[1] on January 4, 2017. As part of his motion to correct error, Wright attached documentation that he believed satisfied the post-conviction court's requests. On January 11, the post-conviction court denied Wright's motion. Wright now appeals

## Discussion and Decision

[5] Wright argues that the post-conviction court erred by denying his petition for earned credit time not previously awarded by the DOC. Specifically, he contends that the post-conviction court had subject matter jurisdiction to hear his petition,[2] and that the post-conviction court erred when it denied his motion for additional earned credit time and his subsequent motion to correct error.

---

[1] Although Wright labeled this document as a motion to reconsider, and despite their similarity, "a motion requesting the court to revisit its final judgment must be considered a motion to correct error." *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998).

[2] Wright relies on our decision in *Stevens v. State*, 895 N.E.2d 418 (Ind. Ct. App. 2008), to support his claim that the post-conviction court here had proper jurisdiction over his case. Wright appears to be conflating jurisdiction with the exhaustion of administrative remedies. We note that the exhaustion of administrative remedies is a question of procedural error, and not subject matter jurisdiction. *Alkhalidi v. Indiana Dep't. of Correction*, 42 N.E.3d 562, 565 (Ind. Ct. App. 2015).

The State counters that Wright's appeal should be dismissed because he has failed to exhaust his administrative remedies.[3] In the alternative, the State contends that Wright failed to provide proper documentation to the post-conviction court to support his claim.

[6] Generally, the trial court determines the amount of initial credit time a defendant is entitled to at sentencing, and thereafter the credit due is determined by the DOC. *Ellis v. State*, 58 N.E.3d 938, 941 (Ind. Ct. App. 2016), *trans. denied*. "The DOC is required to implement a departmental grievance procedure in which a committed person may submit grievances arising out of administrative acts that affect that person, including claims that the DOC wrongfully denied education credit time." *Id.* (internal citations omitted). "When educational credit time is denied, a person must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC." *Stevens v. State,* 895 N.E.2d 418, 419 (Ind. Ct. App. 2008). Wright bears the burden to show what the relevant DOC procedures are, and that he has exhausted them. *Burks-Bey v. State*, 903 N.E.2d 1041, 1043–44 (Ind. Ct. App. 2009).

---

[3] The State also argues "that Wright's appeal should be dismissed because his motion in this case is an unapproved successive petition for post-conviction relief." Appellee's Br. at 8. However, on June 23, 2017, this court's motions panel dismissed a motion by the State on the same argument. It is well established that we may reconsider a ruling of our motions panel, but we decline to do so here. *State v. Sagalovsky*, 836 N.E.2d 260, 264 (Ind. Ct. App. 2005), *trans. denied.*

[7] Here, the post-conviction court did not deny Wright's petition for earned credit time based on a finding that Wright failed to show he had exhausted his administrative remedies with the DOC. Instead, the post-conviction court denied Wright's motion because the petition had failed to answer two critical questions: (1) whether Wright received the certificates for a program in accordance with Indiana Code section 35-50-6-3.3, and (2) if he did, whether Wright had already received credit for those programs. Appellant's App. p. 11. The post-conviction court then explained that "[t]he answers to these questions can only be provided by proper documentation from the Department of Correction, and the documentation heretofore provided does not support the petition. [Wright] may refile with appropriate documents if he chooses." *Id.* After Wright attached the documents[4] the post-conviction court had requested as part of his motion to correct error, the trial court denied it without stating that Wright had failed to exhaust his administrative remedies.

[8] We find that the post-conviction court erred when it denied Wright's initial petition for credit time and his subsequent motion to correct error without first considering whether he had exhausted his administrative remedies. *See Ellis*, 58 N.E.3d at 941 (reversing post-conviction court's denial of Ellis's petition for credit time where the court denied Ellis's motion without first considering

---

[4] Wright attached an "Offender Information System" print-out notarized by DOC staff which shows the programs he has received credit for and those he has not. The document shows that Wright has not been given credit for the five programs at issue in this appeal. Appellant's App. pp. 34–35. Wright also attached five documents of the actual completed programs for which he is seeking additional earned credit time for. *Id.* at 23–28.

whether Ellis had exhausted his administrative remedies), *trans. denied*; *Burks-Bey*, 903 N.E.2d at 1043–44 (reversing post-conviction court's dismissal or Burks-Bey's motion for additional credit time because the court failed to determine whether Burks-Bey had exhausted his administrative remedies). Therefore, we reverse the post-conviction court's denial of Wright's petition for earned credit time and remand to allow the DOC to respond to Wright's claims, and for the post-conviction court to determine whether Wright has exhausted his administrative remedies.

[9] If Wright establishes that he has exhausted his administrative remedies, then the post-conviction court should reconsider the merits of his motion for additional credit time. If Wright fails to establish that he has exhausted his administrative remedies, then the post-conviction court may dismiss the petition without prejudice.

[10] Reversed and remanded.

Vaidik, C.J., and Crone, J., concur.